NELSON E. SPENCER, as Receiver of the Property of FRANCES R. DONOVAN, Respondent, v. MARY E. RICHMOND and MICHAEL DONOVAN, Appellants, Impleaded with Others.

*Deed — competency of parol evidence to show that it was intended as a security for a debt — resulting trust as to the surplus proceeds of sale of the premises.*

Parol evidence is competent to show that a deed, absolute in its terms, was intended as security for an indebtedness of the grantor to the grantee, and that it was agreed between the parties that, upon the sale of the premises, the surplus of the purchase price over the indebtedness should be paid to the grantor. Such an arrangement constitutes a valid trust as to the surplus when received by the grantee.

APPEAL by the defendants, Mary E. Richmond and Michael Donovan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 19th day of June, 1899, upon the decision of the court rendered after a trial at the Monroe Special Term, directing the defendants to account and pay over to the plaintiff, as receiver of the property of Frances R. Donovan, $500, or so much thereof as may be necessary to satisfy his judgment as such receiver, and costs.

*John B. Kiley,* for the appellants.

*Clarence W. McKay,* for the respondent.

HARDIN, P. J.:

The plaintiff was appointed receiver in supplementary proceedings after the return of an execution on a judgment recovered by Robert F. and Newton L. Hendee against Frances R. Donovan on August 20, 1898. The judgment debtor in July, 1888, owned a farm, which, on that day, she conveyed to her sister, Mrs. Richmond, to whom she was indebted in about the sum of $1,000. The farm was conveyed subject to certain incumbrances existing thereon.

On the 13th of May, 1898, the defendant Richmond sold the farm and received therefor $1,500 over and above the incumbrances thereon, and deposited the money in the Monroe County Savings Bank in her name as trustee for Michael Donovan, husband of the judgment debtor.

By the findings, supported by sufficient evidence, it appears that the transfer from Mrs. Donovan to her sister, Mrs. Richmond, was made upon the understanding and agreement that the property should be held in trust by Mrs. Richmond for the purpose of satisfying therefrom her claim of $1,000, and that when a sale should be made of the farm the balance should be paid to Mrs. Donovan. The deed was not intended as an absolute conveyance, but was rather executed by way of a mortgage to secure the $1,000 of indebtedness. After the execution of the deed the Donovans remained in possession of the land and received the income from the farm and paid the taxes and interest on the incumbrances existing upon it, and kept the premises in repair, as they had done before the deed was made. Although the deed was absolute in its terms, it was competent to show by parol evidence that the transfer was by way of security for the $1,000 of indebtedness, and that the parol arrangement was that the balance should be returned to the grantor, Mrs. Donovan (*Horn* v. *Keteltas*, 46 N. Y. 605); and the evidence satisfactorily establishes that, after the payment to Mrs. Richmond of the $1,000 of indebtedness, there remained $500 which Mrs. Richmond, without any direction or order of her sister, Mrs. Donovan, paid to the husband of Mrs. Donovan.

It appears satisfactorily by the evidence that when Michael Donovan received the money he well knew that the property had been transferred under the agreement or understanding between the sisters, which has been stated, and that the balance arising from the sale of

the farm, over and above the $1,000 of indebtedness, belonged to Mrs. Donovan, the judgment debtor.

After a careful examination of all the evidence we are of the opinion that the court committed no error in denying the motion made by the defendant for a nonsuit.

We think the agreement between the grantor and the grantee, that the property should be held as security by the grantee for the purpose of satisfying her claim therefrom, and that on the sale of the property there should be paid to the grantor the surplus over and above the indebtedness, constituted a valid trust as to such surplus when the same was received.

The learned counsel for the appellant calls our attention to *Crouse* v. *Frothingham* (97 N. Y. 112). We think that does not aid his contention in this case. It was held in that case that where the evidence in respect to a parol agreement creating a trust is vague and uncertain, and the statement of witnesses as to its terms is uncertain, the court will not declare such trust. In the case in hand we think the evidence is very clear and explicit that the surplus, above the payment of the indebtedness of the grantor, was to be returned to her, and that her judgment debtor is entitled to reach the same; and that the evidence was sufficient to establish, in equity, the trust. (*Mooney* v. *Byrne*, 1 App. Div. 316; *Bork* v. *Martin*, 132 N. Y. 280.)

Being of the opinion that the findings made by the learned trial judge are supported by evidence, and that his conclusions of law are correct, we must sustain the conclusion reached which awards to the plaintiff the right to have an accounting for the $500. and therefrom the payment of the judgment and costs, as stated in the findings made by the trial judge.

All concurred.

Judgment affirmed, with costs.