# Bechtel v. Ammon, Appellant.

*Trusts and trustees—Conveyance—Fraud—Act of April 22, 1856, P. L. 533.*

Where one of the purposes in conveying land was to prevent if possible the collection of a judgment, but subsequently the judgment is paid out of the proceeds of a portion of the land sold, and the remainder of the land is reconveyed to the original owners, such owners may maintain a bill in equity against the grantee to enforce his promise to account for the proceeds of the land sold, notwithstanding the original illegal purpose of the conveyance. Such a suit is not barred by the Act of April 22, 1856, P. L. 523.

Argued March 5, 1901. Appeal, No. 66, Jan. T., 1901, by defendant, from decree of C. P. Berks Co., Equity Docket, 1899, No. 748, on bill in equity in case of Richard D. Bechtel and Richard D. Bechtel and Henry B. Hintz, Executors of Catharine J. Bechtel, Deceased, v. Jacob S. Ammon. Before Mc-COLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for an account.

ENDLICH, J., found the following facts:

1. Previous to and in the year 1892, Richard D. Bechtel, plaintiff, and his sister, Laura Bechtel, were tenants in common of certain real estate situate at Oakland, Cumru township, Berks county, about a mile from the city of Reading, which had descended to them from their father, George L. Bechtel (who died in 1870), subject to the dower of their mother Catharine J. Bechtel, the plaintiffs' testatrix, said real estate consisting of four tracts, viz: (*a*) twenty-four acres, 119 perches, (*b*) eight acres, fifty-eight perches, (*c*) four acres, sixty-nine perches, and (*d*) eleven acres, fourteen perches, and having then a prospective value for the purpose of sale as building lots, but not being immediately salable.

2. Said real estate came to the above-named parties subject, further, to the lien of a judgment held by the executors of D. W. Kachel, deceased, against George L. Bechtel, to No. 219, March term, 1870, for the revival of which, et quare executionem non, a proceeding, instituted to No. 29, November term, 1891, was pending, and which was eventually revived as against the administratrix of George L. Bechtel and terre-tenants, for $1,426.

3. At the time above referred to, there was owing to defendant, who is a physician, a bill for professional services rendered to George L. Bechtel and the various members of his family, amounting to about $1,300. Said defendant was an intimate and trusted friend of the family, and had been Laura Bechtel's guardian.

4. Upon consultation with him, and with a view to preserving for the Bechtels the benefit of the prospective value of the property and at the same time enabling defendant to make himself paid for the professional services rendered by him to the family in the past and for the services to be rendered by him in the future in the management and sale of the property, as well as under an impression that by a transfer of title the attempt to collect the Kachel judgment might, in some way, be rendered legally impossible, the following arrangement was mutually determined upon and carried out, no money or other present consideration (beyond the provision for defendant's bill) being contemplated by or passing between the parties: By deeds ab-

solute upon their faces, dated January 29, 1892, reciting, the one a consideration of $23,000, and the other a consideration of $7,000, Catharine J. Bechtel, Richard D. Bechtel and Laura Bechtel conveyed to defendant in fee tracts (*a*) and (*b*), and to George F. Fasig tracts (*c*) and (*d*). Defendant, on March 21, 1892, borrowed upon mortgage of the property conveyed to him the sum of $3,000, part of which he received, subsequently making out a receipt to the name of Richard D. Bechtel for $1,000 on account of the bill for professional services, and part of which the mortgagee retained to clear away the Kachel judgment in the event of its being adjudged a lien upon the premises mortgaged. On April 6, 1892, defendant executed and delivered to his grantors a mortgage for $20,000 upon the same property securing a number of bonds, the first of which was made payable April 1, 1894, both bonds and mortgage expressly restricting all liability to the land mortgaged, and disavowing any personal obligation on the part of the mortgagor. A similar mortgage was executed by Fasig upon the tracts conveyed to him for the full amount of the purchase money mentioned in his deed. The intention in making these mortgages was to put upon the record an assurance to the Bechtels, in pursuance of the original understanding, of the full beneficial interest in the proceeds of the property beyond the amount raised by the mortgage of March 21, 1892, expenses, etc.

5. On May 13, 1892, both grantees asked to be and were made parties to the proceeding No. 29, November term, 1891, and undertook to defend as bona fide purchasers under sec. 25, Act of February 24, 1834, P. L. 77. This defense failing, even upon the assumption of the applicability of the statute, the Kachel judgment, then amounting to $1,426, was on January 31, 1894, paid out of the money provided by the mortgage of March 21, 1892.

6. In the mean while and immediately after the conveyances of January 29, 1892, the entire four tracts were taken in hand by defendant, acting through his attorney, and the plaintiffs, through Richard D. Bechtel, actively co-operating with and materially assisting him. Together they employed a surveyor to lay out the property in building lots, and the plan thereof, labeled "Plan of lots laid out by Estate of George Bechtel," was recorded and distributed, and the deeds given to purchasers of lots were made to describe the same with reference

to " the plan of lots laid out by the estate of George L. Bech-
tel." The expenses of bringing the lots into the market, of
grading, of laying water pipes, etc., were paid by defendant's
attorney out of the proceeds of such sales and where these were
insufficient out of the proceeds of the mortgage of March 21,
1892. Out of the same funds, defendant's attorney paid sun-
dry sums for living expenses of the Bechtels and small sums
to Richard for services in making sales, and to it Richard con-
tributed $1,000 borrowed by him upon seven lots conveyed to
him in May, 1894, and July, 1895. No interest was paid at any
time upon any of the bonds or mortgages written in favor of
the Bechtels. The method of dealing above described contin-
ued down to the reconveyance of the property hereinafter men-
tioned, and involved indiscriminately the tracts conveyed to
defendant and those conveyed to Fasig, who appears never to
have asserted or been supposed to possess any beneficial inter-
est in the land conveyed to him. The Bechtels throughout
had no adviser, legal or otherwise, than the defendant and his
attorney, followed their directions implicitly, and signed and
did whatever they were requested to sign and do.

7. In the spring of 1894, something over $9,000 worth of
lots having apparently been disposed of, defendant called upon
the Bechtels and insisted upon a revision of the arrangement
made in 1892, as it appears on the face of the papers then ex-
changed and put upon record, urging, as a ground for such
revision, that the expectations originally entertained of proba-
ble growth in the value of the property had not been realized,
and that the existence of the mortgages on record were an
obstacle to sales. The upshot of his representations was that
the $20,000 mortgage upon tracts (*a*) and (*b*) and the $7,000
mortgage on tracts (*c*) and (*d*) were canceled; that the lat-
ter tracts were conveyed by Fasig to defendant, the deed being
dated December 17, 1894, and that for the $20,000 mortgage
was substituted a mortgage for $10,000, dated May 17, 1894,
and for the $7,000 mortgage from Fasig, a mortgage for $5,000
from defendant dated December 18, 1894. Both of these mort-
gages remained unrecorded, so as not to embarrass, or require
releases in cases of, further sales of lots. Fasig, on Decem-
ber 31, 1894, received, apparently in recognition of his services,
a conveyance of two lots. The original understanding as to

the ultimate interest of the Bechtels in the proceeds of sales, etc., was reaffirmed between them and defendant, the face of the mortgages standing as security therefor being simply reduced from $27,000 to $15,000, and the record lien for that purpose wiped out.

8. In 1896 Laura Bechtel died intestate, unmarried, without issue and without debts.

9. Near the close of 1896, the defendant having sold about one third of the property in lots, a settlement took place between the defendant and Richard D. and Catharine J. Bechtel, as a result of which the latter parties, on December 29, 1896, acknowledged the receipt from defendant of the sum of $11,234.81 and a mortgage of $10,000 securing a bond of $9,000 to Catharine J. Bechtel, and a bond of $1,000 to Richard D. Bechtel (both the mortgage and the bonds being payable only out of the realty), "in full settlement of all claims and demands to date against said Ammon on account of the purchase of the tract of land at Oakland known as the plan of building lots laid out by George L. Bechtel's estate"—and on the same day, defendant executed the mortgage referred to in the receipt to Catharine J. Bechtel and Richard D. Bechtel; said mortgage being left in the office jointly occupied by Richard D. Bechtel and defendant's attorney, and remaining unrecorded. In the defendant's statement upon which this settlement was based, he did not charge himself either with the original purchase price or with the face of any mortgages previously given to the Bechtels and interest on the one or the other: it was simply a statement of moneys paid out by defendant to or for the Bechtels, including his bill for professional services, the Kachel judgment and the value of the lots in the mean while (see finding, No. 6) conveyed to Richard D. Bechtel; on the basis of which and in view of what was left of the property, it was agreed that the value of the remaining interest of the Bechtels (including the $1,000 contributed by Richard) was fairly represented by the sum of $10,000 and the payment thereof with interest out of the property was secured by the mortgage then executed.

10. In October or November, 1898, the defendant, having become ill and unwilling longer to be burdened with the care of the property and the obligations entailed by the same, and

no lots having been sold since the settlement of December 29, 1896, proposed a reconveyance of all that was left of it to Catharine J. and Richard D. Bechtel, they first to provide for the payment of every obligation standing against his name, viz : $7,500 of debts claimed to have been incurred in respect of the property (including the mortgage of March 21, 1892, or liens substituted for it, and others arising since December 29, 1896), and on account of his dealings with it from January 2, 1892, to be rendered and payment of any balance due the Bechtels to be made by defendant thereafter. The reconveyance upon these terms was agreed to by the Bechtels, and a deed by defendant to them prepared and executed in February, 1899. Owing to some erroneous descriptions therein and to a delay in securing the required sum of money, that deed was destroyed and a new one drawn, executed and delivered, dated June 2, 1899, and reciting a consideration of $13,000, but excepting several lots included in the deed of February, 1899, which had been sold by defendant in the mean time. The Bechtels raised the $7,500 as originally demanded and handed the same to defendant's attorney, and cancelation of the unrecorded $10,000 mortgage of December 29, 1896, was indorsed thereon. Defendant's promise to account and pay over was renewed after the reconveyance.

11. Catharine J. Bechtel died August 24, 1899, having by her will, duly probated, appointed the plaintiffs, Richard D. Bechtel and Henry B. Hintz, executors thereof, and after creating a fund of $7,000 for certain persons, left the whole of her estate to said Richard D. Bechtel.

12. The defendant, although requested, has since refused to render to plaintiffs any account of the moneys received by him out of or in connection with the property conveyed by the deeds of January 29, 1892, or to recognize their right to call for any such accounting. The sales made indicate the receipt by him from that source of something over $18,000 in money or purchase money securities, over $2,000 being upon sales made on and after February 15, 1899. The entire sum of $7,500 was not required for the payment of debts incurred by defendant in respect of the property.

The court, after an extended discussion of the law and facts, stated the following conclusions :

1. The trust upon which the conveyances of January 29, 1892, were made, to manage and sell the property and to hold the proceeds over and above the sums necessary in order to satisfy the Kachel judgment and defendant's bill for professional services, and in order to pay the expenses of said management and a reasonable compensation to defendant for his services, was unenforceable against the land itself in the hands of the defendant, because of section 4, Act of April 22, 1856, P. L. 533.

2. The settlement of December 29, 1896, made after the title to all the tracts had been united in defendant and about one third of the entire property had by him been converted into money, was an acknowledgment on his part that he then held the proceeds of the sales already made (whether of portions of the property originally conveyed to him or of portions of the tracts originally conveyed to Fasig) and of the $3,000 mortgage of March 21, 1892, and the $1,000 turned over to him by Richard D. Bechtel, as trustee for the Bechtels, and that he was liable to account for the same as such trustee.

3. In so far as the settlement of December 29, 1896, was intended or could be effective to discharge the defendant from liability for the amounts previously received by him from or in connection with the management, etc., of the property, said settlement was set aside and annulled by the reconveyance of the remainder of the property by defendant to the Bechtels on June 2, 1899, said reconveyance being preceded and followed by, and accepted by the Bechtels on the faith of defendant's promise to account to them de novo.

4. By said promise and undertaking on the part of the defendant, all the moneys and securities which had come into his hands in the course and by virtue of his connection and dealing with the property, since January 2, 1892, including the $1,000 contributed by Richard D. Bechtel, as well as the $7,500 raised by the Bechtels and handed to defendant, became impressed with a trust in their favor, which is enforceable in equity, unaffected by any original illegal purpose in the conveyances of January 2, 1892, to hinder and delay creditors, or by the act of 1856.

5. Defendant is liable to account to plaintiff for said moneys

and securities, and to an order enjoining him in the mean while from collecting or transferring any of the latter.

A decree was entered in accordance with the opinion.

*Error assigned* was the decree of the court.

*Richmond L. Jones*, for appellant.

*Isaac Hiester*, for appellee.

PER CURIAM, April 1, 1901:

Whether a trust in fact existed was purely a question of fact. A trust having been found, the act of 1856 was not a bar to the enforcement of the defendant's promise to account for the proceeds.

Decree affirmed at the cost of the appellant.