CASE 18.—ACTION BY REBECCA A. ROLAND AGAINST S. N. HOBBS.—December 17, 1909.

## Hobbs v. Rowland

Appeal from Wolfe Circuit Court.

J. P. ADAMS, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

Mortgages—Absolute Deed as Mortgage—Parol Evidence.—Parol Evidence is admissible to show that a deed, absolute in its terms, is a mortgage to secure a debt.

A. F. BYRD for appellant.

GOURLEY, REDWINE & GOURLEY for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

This action was instituted by the appellee, Mrs. Rebecca A. Rowland, to have a deed, absolute in its terms, by which she conveyed a tract of land in Wolf county, Ky., to her brother, S. N. Hobbs, declared to be a mortgage. The petition alleges, that S. N. Hobbs under a fraudulent pretense of aiding his sister, financially, obtained from her an absolute deed to a tract of 40 acres of land which she owned, and which was situated in Wolf county, Kentucky; that the deed was made absolute in its terms, and recited a cash payment of $300 in order that appellant might be able to borrow the money necessary to assist appellee on the faith of his being the real owner of the land;

but, under the parol agreement between the parties, the deed was to be only a mortgage to secure appellant against loss by reason of any indebtedness which he might incur in assisting appellee. The answer placed in issue all of the allegations concerning the deed being intended as a mortgage. Upon final submission, the court adjudged the deed to be a mortgage, and set it aside as prayed in the petition. From this judgment, this appeal is prosecuted.

We do not think it necessary to examine the facts as detailed by the evidence with minute particularity. It is sufficient to say that, in our opinion, if parol evidence is competent to show that a deed absolute in its terms was really intended by the parties to be a mortgage, appellee's contention was amply sustained by the testimony adduced upon the trial, and the court was fully warranted in reaching the conclusion on the facts that was arrived at. This brings us to the question as to the competency of parol testimony to show the deed was intended to be a mortgage. After examining the authorities we have reached the conclusion that parol testimony is admissible to show that a deed absolute in its terms was intended by the parties as a mortgage to secure an indebtedness.

In the case of Oberdorfer v. White, 78 S. W. 436, 25 Ky. Law Rep. 1629, on this subject we said: "A deed absolute on its face may be shown to have been executed as a mortgage. The rule on this subject is thus well stated in 3 Pomeroy's Equity, Section 1196: 'Any conveyance of land absolute on its face, without anything in its terms to indicate that it is otherwise than an absolute conveyance, and without any accompanying written defeasance, contract, of purchase, or other agreement, may in equity, by means of extrin-

sic and parol evidence, be shown to be a mortgage as between the original parties, and as against all those deriving title from or under the grantee, who are not bona fide purchasers for value and without notice. The principle which underlies this doctrine is the fruitful source of many other equitable rules— that it would be a virtual fraud for the grantee to insist upon the deed as an absolute conveyance of the title, which had been intentionally given to him, and which he had knowingly accepted, merely as a security, and, therefore, in reality a mortgage. The general doctrine is fully established, and certainly prevails in a great majority of the states, that the grantor and his representatives are always allowed in equality to show, by parol evidence, that a deed absolute on its face was only intended to be a security for the payment of a debt, and thus to be a mortgage, although the parties deliberately and knowingly executed the instrument in its existing form, and without any allegations of fraud, mistake, or accident in its mode of execution."

In Seiler v. Northern Bank of Kentucky, 86 Ky. 128, 5. S. W. 536, 9 Ky. Law Rep. 497, the rule under discussion is thus stated: "The doctrine is well settled that a conveyance absolute in form may be shown by parol evidence to be but an equitable mortgage. In fact, courts lean to this conclusion in doubtful cases."

In the case of Russell v. Southard et al., 12 How. 139, 13 L. Ed. 927, the Supreme Court of the United States, in upholding the doctrine that a deed absolute on its face may be shown by parol evidence to have been intended as a mortgage, said: "It is insisted, on behalf of defendants, that this question is to be determined by inspection of the written papers alone;

oral evidence not being admissible to contradict, vary, or add to their contents. But we have no doubt extraneous evidence is admissible to inform the court of every material fact known to the parties when the deed and memorandum were executed. This is clear, both upon principle and authority. To insist on what was really a mortgage as a sale is in equity a fraud, which cannot be successfully practiced, under the shelter of any written papers, however precise and complete they may appear to be. In Conway v. Alexander, 7 Cranch, 238 (3 L. Ed. 321), Marshall, C. J., says: 'Having made these observations on the deed itself, the court will proceed to examine those extrinsic circumstances, which are to determine whether it was a sale or a mortgage.' And in Morris v. Nixon, 1 How. 126 (11 L. Ed. 69), it is stated: 'The charge against Nixon is, substantially, a fraudulent attempt to convert that into an absolute sale which was originally meant to be a security for a lien. It is in this view of the case that the evidence is admitted to ascertain the truth of the transaction, though the deed be absolute on its face.' '' The above opinion was approved in Babcock v. Wyman, 19 How. 289, 15 L. Ed. 644.

In the case of Morgan's Assignees v. Shinn, 15 Wall. 105, 21 L. Ed. 87, it is said: "It is not questioned that an instrument absolute in its terms may be shown by parol evidence to be only a mortgage." To the same effect are Jackson v. Lawrence, 117 U. S. 680, 6 Sup. Ct. 915, 29 L. Ed. 1024; Brick v. Brick, 98 U. S. 514, 25 L. Ed. 256; Peugh v. Davis, 96 U. S. 332, 24 L. Ed. 775.

In Bispham's Principles of Equity, Section 155, the rule is thus stated: "In favor of the equity of redemption, a court of chancery will allow a deed, abso-

lute on its face, to be shown to be a mortgage. This principle is recognized in nearly all, of not all,. the states of the Union (except, of course, in those in which the law has been changed by statute), and is settled by a host of decisions. Parol evidence is admissible in such cases in most of the states of the Union, for the statute of frauds is not applicable, but it must be very clear. The ground upon which this doctrine is placed by Chancellor Kent is that of fraud, accident, or mistake; and according to that view where neither of these elements exists, the absolute deed cannot be shown to be a mortgage. But it has been decided in the Supreme Court of the United States that, where a deed is intended to operate as a mortgage, it would be a fraudulent act on the part of the grantee to insist upon its being absolute, and on that ground the grantor would be entitled to relief; and this is now the rule in New York, and is the more generally accepted doctrine in this country."

Jones, in his work on Mortgages (volume 1, p. 226), says: "The statute of frauds was at first supposed to stand in the way of allowing a grant, absolute on its face, to be established by parol evidence as a mortgage. But the courts, after a struggle and much hesitation, established the doctrine, as otherwise it was found that the statute designed to prevent frauds and perjuries would become in this way an effectual instrument of fraud or injustice. Although the admission of such evidence is placed upon different grounds by the different courts, there is a substantial unanimity in holding that, when once the fact is established that the grant was intended as a mortgage, the conveyance will be so regarded. The statute of frauds does not interpose any insuperable obstacle to granting relief in such a case, because re-

lief, if granted is obtained by setting aside the deed; and parol evidence is availed of to establish the equitable grounds for impeaching that instrument, and not for the purpose of setting up some other or different contract to be substituted in its place. The equities of the parties are adjusted according to the nature of the transaction and the facts and circumstances of the case, including the real agreement. It does not violate the statute of frauds to admit parol evidence of the real agreement as an element in the proof of fraud, or other vice in the transaction, which is relied upon to defeat the written instrument. Lord Hardwicke said that such evidence has nothing to do with the statute of frauds. Neither does the rule which excludes parol testimony to contradict or vary a written instrument have any application to such a case. This rule has reference to the language used by the parties. That cannot be qualified or varied from its natural import, but must speak for itself. The rule does not forbid any inquiry into the object of the parties in executing and receiving the instrument. Thus it may be shown that a deed was made to defraud creditors, or to give a preference, or to secure a loan, or for any other object not apparent on its face. The object of parties in such cases will be considered by a court of equity. It constitutes a ground for the exercise of its jurisdiction, which will always be asserted to prevent fraud or oppression, and to promote justice."

In 27 Cyc. 1020, on the subject in hand it it said: "Unless it is otherwise provided by statute, as a general rule parol evidence is admissible to prove that a deed, absolute and unconditional in its terms, was understood and intended by the parties to operate as a mortgage only."

In Am. & Eng. Encyc. of Law, vol. 20, p. 950, the rule is thus stated: "Where the subject is not regulated by statute, the great weight of authority is that, whatever form a conveyance of real estate may take, it may be shown in equity by parol to be a mortgage if that was its purpose in fact; and this equitable principle has been adopted under Codes of Procedure, whether the question be raised under a direct action for equitable relief or be incidental to legal relief."

In the note to Thornbrough v. Baker, 2 White & Tudor's Leading Cases in Equity, pp. 1987, 1988, the principal above announced is approved and a large number of cases collated which sustain it.

There is no doubt that, by a vast preponderance of authority, a deed, absolute upon its face, may be shown to be a mortgage by parol testimony. As is stated in many of the cases, and in text-books, this principle has been advanced by slow degrees and halting steps. In some of the earlier cases it was said to be necessary to allege that the right of redemption was omitted by fraud or mistake. But this position was found to unduly shackle a principle necessary to be maintained, that fraud might not prevail or confidence deceived and betrayed. It was found that no good could come of holding that, because it was so nominated in the letter of the bond, the real contract between the parties could not be shown. It was apparent that to so hold would be to make fraud successful, and therefore the courts arrived at the conclusion that they would look behind the mere words of the contract, and see what the real agreement between the parties was, and enforce that. This position does not overthrow or militate against the statutes against frauds and perjuries. It does not

undertake to change the letter of the contract; but it impeaches the contract, because as the Supreme Court has well said, one who seeks to hold property under the terms of an absolute deed, when it was agreed to be a mere security for debt, is guilty of such fraud in the very act as will overthrow the contract; and, as before said, to forbid the admission of parol testimony to expose this peculiar brand of fraud would be to advance the interest of the unscrupulous at the expense of the confiding. The law being a practical science, when it was found that the old rule fostered more fraud than it suppressed, it was changed, so that it stands as herein announced. It may be conceded that there are many cases which hold to the contrary, and especially among the older decisions; and our own court has not always uniformly held to the rule we have herein announced. Notably is this so in the case of Munford v. Green's Adm'r, 103 Ky. 140, 44 S. W. 419, 19 Ky. Law Rep. 1791, wherein a contrary doctrine is announced. Believing that the opinion in the case above mentioned and all others emanating from this court which may be in accordance with it, are contrary to the great weight of authority, they are overruled.

Judgment affirmed.