CASE 86.—ACTION BY JOHN SPRADLIN AGAINST F. A.
BROWN AS ADMINISTRATOR OF THE ESTATE OF
W. W. BROWN, DECEASED.—February 18, 1910.

# Brown, &c. v. Spradlin

Appeal from Johnson Circuit Court.

ANDREW J. KIRK, Circuit Judge.

Judgment for plaintiff, defendants appeal and plaintiff files cross-appeal against Trimble.—Affirmed.

1. Mortgages—Deed as Mortgage—Evidence—Sufficiency.—In an action to have a deed executed by plaintiff to defendant's ancestor declared a mortgage, evidence held to show that the deed was a mortgage given to secure a debt.

2. Mortgages—Deed as Mortgage—Parol Evidence.—An allegation of fraud or mistake is not necessary to render parol evidence admissible to show that a deed was intended as a mortgage.

3. Mortgages—Absolute Deed as Mortgage—Effect of Subsequent Agreement.—Where an absolute deed was intended as a mortgage, it would retain that character unless the parties thereto made a valid agreement to the contrary, and a subsequent agreement which allowed the grantor to have the use and remain in possession of the land conveyed so long as the grantee and his heirs desired, free from rent, in consideration of keeping the premises in repair and paying all taxes which might accrue, was not such an agreement.

4. Limitation of Actions—Discovery of Fraud—What Constitutes.—Where a deed is taken as security for a debt, the execution of the deed does not itself constitute fraud, as affecting the commencement of limitations against an action to declare the deed a mortgage, whatever fraud there was in the transaction consisting in the mortgagee's assertion that the deed was absolute, so that limitations would run from the time such assertion was brought to the knowledge of the grantor.

5.  Limitation of Actions—Action to Declare Deed a Mortgage—
    Effect of Possession.—While plaintiff was in actual posses-
    sion of land conveyed by absolute deed which was intended
    as a mortgage, he had the right to regard the deed simply
    as security until such time as the grantee or successors
    in interest deprived him or attempted to deprive him of
    possession on the ground that the deed was absolute, and
    until that time the statute of limitations would not begin
    to run against an action to have the deed declared a mort-
    gage.

6.  Mortgages—Action to Declare Deed a Mortgage—Laches.—
    Laches in the beginning of an action to have an absolute
    deed declared a mortgage cannot be imputed to the grantor
    as long as he remains in possession of the land without inter-
    ference from the grantee.

7.  Partition—Sale—Innocent Purchaser Without Notice.—A pur-
    chaser at a partition sale of land was properly held an inno-
    cent purchaser for value without notice, as against a claim
    by a former grantor that his deed, absolute in form, was
    intended as a mortgage.

VAUGHN, HOWES & HOWES for appellants.

WM. H. HOLT, I. G. RICE and J. F. BAILEY for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Affirming.

On May 9, 1889, appellee, John Spradlin, by gen-
eral warranty deed conveyed to W. W. Brown, the
father and grandfather of appellants, the land in con-
troversy in this action.   The deed was properly
signed, acknowledged, and delivered, and thereafter
recorded in the Johnson county clerk's office.   On
August 2, 1893, W. W. Brown and appellee entered
into a written contract whereby appellee was to have
the use and possession of the land so long as Brown
and his heirs desired free of rents, in consideration of
appellee's keeping the premises in proper repair and
paying all taxes that might accrue thereon.   Appel-
lee continued in possession of the premises after ex-

ecuting the deed in controversy up to the time the written contract was executed, and also after that time until several years after the death of W. W. Brown, which occurred in the year 1900. Then he was dispossessed. During his life W. W. Brown conveyed a portion of his land originally conveyed him by appellee to parties by the name of Ratcliffe. In the year 1900 the heirs of W. W. Brown filed an action in the Johnson circuit court, in which they sought a sale of the land in controversy on the ground of its indivisibility. The land was sold and J. M. Trimble, one of the appellants, became the purchaser.

On October 25, 1907, appellee instituted this action against the administrator and heirs at law of W. W. Brown, and J. M. Trimble, the purchaser at decretal sale, for the purpose of having the deed executed by appellee to W. W. Brown declared a mortgage. To the petition a demurrer was filed and overruled. Appellants then answered, denying the allegations of the petition and pleading the five and ten year statutes of limitation. J. M. Trimble also pleaded that he was an innocent purchaser for value without notice. At the time of the institution of this action the purchase price for the land sold at the decretal sale had not been paid. It was afterwards paid, and the court entered an order directing that it be held subject to the order of the court. Upon the completion of the evidence the case was submitted, and the circuit court adjudged that the deed in question was a mortgage. The order further directed that the case be referred to the master commissioner to hear proof and determine the amount of payments made by appellee on the mortgage, with a view of ascertaining the amount for which the judgment should go. The court

further held that J. M. Trimble was an innocent purchaser for value, and that appellee was estopped, so far as he was concerned, from having the deed declared a mortgage; the court being of the opinion that appellee's claim was against the purchase price, and not against the land. From that portion of the judgment holding the deed to be a mortgage, appellants prosecute this appeal. Appellee has prosecuted a cross-appeal from that portion of the judgment holding that J. M. Trimble was an innocent purchaser for value, and that appellee was estopped from claiming, so far as he is concerned, that the deed was a mortgage. The court also sustained certain exceptions to the deposition of John Spradlin, in so far as it related to the transactions or conversations had with W. W. Brown, deceased.

The consideration recited in the deed is $190. The land in question was worth at the time about $400. Appellee was indebted to W. W. Brown at the time the deed was made. Before that time he had agreed that his land should be in lien for such debts as he owed W. W. Brown. After the execution of the deed, appellee made certain payments on the indebtedness. There is evidence that, at the time the deed was executed, it was spoken of as a mortgage, and was so regarded by the parties. W. W. Brown said that all he wanted was the money appellee owed him. In view of these facts, we conclude that the trial court properly held the deed to be a mortgage, given to secure W. W. Brown in the payment of the sum of $190.

The court did not err in holding that parol testimony was admissible to show that the deed was a mortgage, although there was no allegation of fraud or mistake. In the recent case of S. N. Hobbs v. Re-

becca A. Rowland (opinion rendered Dec. 17, 1909), 123 S. W. 1185, this court reviewed this question at some length and discussed the authorities bearing thereon. That case makes it unnecessary to enter into any lengthy discussion of the question here. Suffice it to say that the rule is there announced that, in the absence of an allegation of fraud or mistake, parol evidence is admissible to show that a deed, absolute in its terms, was intended by the parties as a mortgage to secure an indebtedness.

But it is insisted that the court erred in holding that appellee's right of action was not barred either by the five- or ten year statutes of limitation. The rule is that "once a mortgage, always a mortgage," unless the parties thereto make a valid agreement to the contrary. The contract by which appellee was permitted to retain possession was not such an agreement. Where a deed is taken as security for a debt, the execution of the deed itself does not constitute the fraud. The fraud consists in the mortgagee's holding that to be a deed which was intended by the parties merely as a mortgage. The record shows that appellee was in the actual possession of the land in controversy from the time of the execution of the deed up until a short time before the institution of this action in the year 1907. Being in possession of the property, he had the right to regard the deed simply as a security for his indebtedness to Brown until such time as Brown, or those claiming through him, deprived him or attempted to deprive him of possession on the ground that the deed was absolute. From that time forward the statute of limitations would begin to run. Computed from that date, it did not run a sufficient length of time to bar appellees's right of action. Nor could laches be imputed to

appellee as long as it was not sought to interfere with his possession.

The trial court properly held that appellant J. M. Trimble was an innocent purchaser for value without notice of the fact that the deed referred to was a mortgage.

For the reasons given, the judgment is affirmed, both on the original and cross-appeal.