# Sam Leibel and Elizabeth Leibel v. Tandy.

(Decided January 5, 1912.)

## Appeal from McCracken Circuit Court.

Deed—Absolute on its Face—Absence of Allegation of Fraud or Mistake—Intended as Mortgage.—In the absence of an allegation of fraud or mistake, parol evidence is admissible to show that a deed, absolute in its terms was intended by the parties as a mortgage to secure an indebtedness.

MILLER & MILLER for appellant.

FRANK E. GRAVES for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

On the 4th day of January, A. D., 1900, appellee, Carter Tandy, conveyed to appellant, Sam Leibel, by deed, with covenant of general warranty, an eight acre tract of land in McCracken County. In executing the deed Tandy who was illiterate, signed by making his mark. The recited consideration was $117.00, cash in hand paid. On the 19th day of September, 1907, Tandy brought his action in the McCracken Circuit Court against Leibel, claiming in substance that the transaction with Leibel, and the document executed, were not a sale and conveyance as the document purported upon its face to be, but were a borrowing and lending, that the document was in intent a mortgage, and that the money had been repaid. Issue was joined by answer, proof taken upon both sides, the case submitted, and a judgment entered, finding in substance that there was a parol agreement between the parties that the transaction was a borrowing and lending, that the money had been fully repaid, that the deed be cancelled and held for naught, and that Tandy be adjudged to be the owner of the land. From this judgment this appeal is prosecuted.

A careful review of the testimony convinces us that there was sufficient clear and convincing testimony before the chancellor to support his finding. It is true that the testimony for the plaintiff is directly combatted by the testimony for the defendant; but the chancellor saw fit to adopt the testimony of the plaintiff as the truth of the case. Giving the decision of the chancellor some

weight under the rule adopted by this court, it results that there is no error in the finding upon the facts.

It is insisted for the appellants that the judgment below is erroneous in that the rule established by the Kentucky decisions is that a deed absolute upon its face will be held to be a mortgage only when the grantor has been overreached in some relationship of trust or confidence, or when there is a contemporaneous written defeasance, or when there is some ambiguity or contingency in the deed itself raising a doubt as to its meaning, or some fraud or mistake, overreaching, or vice in the consideration. In support of this doctrine the appellants rely upon the case of Bennett v. Bennett, 137 Ky., 17; Munford v. Green's Administrator, 103 Ky., 140, and other cases. An examination of the Kentucky authorities readily discloses the present rule existing in Kentucky. At one time there was some confusion in the Kentucky cases as to whether parol evidence was admissible to show that a deed absolute in its terms was in effect a mortgage, without alleging and proving some of the surrounding circumstances mentioned above, such as that there was some omission by fraud or mistake, some overreaching in the trust relation, or the like. This question was thoroughly considered by this court in the case of Hobbs v. Rowland, 136 Ky., 197, where this court flatly laid down the rule with the statement: "After examining the authorities we have reached the conclusion that parol testimony is admissible to show that a deed absolute in its terms was intended by the parties as a mortgage to secure an indebtedness." The Kentucky authorities, as well as those of the Supreme Court of the United States, and the text writers, were reviewed at length, and the rule adopted as above set out. The case of Munford v. Green's Administrator, supra, and all others emanating from this court, which might not be in accordance with it, were in express terms overruled. The question, therefore, is no longer open in Kentucky. The conclusion of this court, and the rule now standing as declared by it, were well expressed in the case of Hobbs v. Rowland, in these words:

"There is no doubt that, by a vast preponderance of authority, a deed, asbolute upon its face, may be shown to be a mortgage by parol testimony. As is stated in many of the cases and in text-books, this principle has been advanced by slow degrees and halting steps. In some of the earlier cases it was said to be necessary to

allege that the right of redemption was omitted by fraud or mistake. But this position was found to unduly shackle a principle necessary to be maintained, that fraud might not prevail or confidence deceived and betrayed. It was found that no good could come of holding that, because it was so nominated in the letter of the bond, the real contract between the parties could not be shown. It was apparent that to so hold would be to make fraud successful, and therefore the courts arrived at the conclusion that they would look behind the mere words of the contract, and see what the real agreement between the parties was, and enforce that. This position does not overthrow or militate against the statutes against frauds and perjuries. It does not undertake to change the letter of the contract; but it impeaches the contract, because, as the Supreme Court has well said, one who seeks to hold property under the terms of an absolute deed, when it was agreed to be a mere security for debt, is guilty of such fraud in the very act as will overthrow the contract; and, as before said, to forbid the admission of parol testimony to expose this peculiar brand of fraud would be to advance the interest of the unscrupulous at the expense of the confiding. The law being a practical science, when it was found that the old rule fostered more fraud than it suppressed, it was changed, so that it stands as herein announced.''

The rule here announced was adhered to in Brown, et al. v. Spradlin, 136 Ky., 703, where this court cited the case of Hobbs v. Rowland as establishing the doctrine that in the absence of an allegation of fraud or mistake parol evidence is admissible to show that a deed, absolute in its terms, was intended by the parties as a mortgage to secure an indebtedness. The same question arose again in McKibben v. Diltz, et al, 138 Ky., 684, where the court again cited Hobbs vs. Rowland as establishing the admissibility of parol testimony in such cases. In the McKibben case it was again pointed out that Munford v. Green and its doctrine stood overruled. We are firm in the belief that the true doctrine is that announced in Hobbs v. Rowland, and adhere to it as the proper and established rule.

The case of Bennett v. Bennett, 137 Ky., 17, relied upon by appellants, turned, as is expressly stated in the opinion, upon section 2353, Kentucky Statutes, which declares that when a deed is made to one person and the consideration is paid by another, no use or trust shall

result in favor of the latter. There were three parcels of land in controversy in the Bennett case, but only a one-half undivided interest in one of them had been conveyed by H. B. Bennett, the complainant, to W. L. Bennett, whose ownership of the lands was attacked. .No effort was made to show that this conveyance was to secure any debt; nor was there any allegation of any such arrangement. The Bennett case, therefore, is not authority either for or against the position of the appellants here.

The conclusions reached render it unnecessary to discuss the sufficiency of the allegation of fraud or mistake in the amended petition, or the sufficiency of the testimony tending to support the charge of fraud or mistake. It results also that the original petition was sufficient in charging that the transaction was a borrowing and lending, and it becomes unnecessary to discuss the departure claimed by appellants to exist in the amendment. The prayer of the petition for general equitable relief is sufficient to embrace the relief granted.

The judgment of the trial court is affirmed.