## Vaughn v. Smith.

(Decided May 23, 1912.)

## Appeal from Wolfe Circuit Court.

Mortgage—Absolute Deed as Mortgage—Evidence.—The nature of a deed is determined by the intention of the parties. Doubt as to such intention will be resolved in favor of the debtor, and where the deed is intended as security for debt, it will be held to be a mortgage. In all cases, parol inquiry, to ascertain the intention of the parties, may be had into the facts and circumstances surrounding the execution of the instrument.

GEO. W. VAUGHN, A. F. BYRD for appellant.

J. B. WHITE, S. G. SAMPLE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

J. N. Vaughn filed a suit in the Wolfe Circuit Court against S. B. Smith, in which he sought to recover judgment upon two notes; one, for $230, dated October 3, 1893, and the other for $46.65, dated January 9, 1896, with a credit as of July 2, 1896. The necessary affidavits were filed, attachments issued and levied upon a house and lot belonging to the defendant. The defendant answered, admitting the execution of the notes, but pleaded that they had been satisfied in the following manner: That shortly after they were given, he became the purchaser of a tract of land at Commissioner's sale, known as the Brantley Spencer farm; that before the maturity of the bond he entered into an arrangement with the plaintiff, Vaughn, by which Vaughn was to pay the purchase money and have the deed executed to him for the land; that the defendant was thereafter to sell the land and out of the proceeds of the sale refund to Vaughn the purchase money and pay him the indebtedness, as evidenced by the two notes; that in accordance with the terms of this trade, he assigned his bid and purchase to plaintiff; that plaintiff paid off the purchase money notes and caused the deed to be executed by the Master Commissioner to him for the land; that in the deed it was recited that the defendant was to have twelve months, within which to sell or dispose of the land; that, not having sold it within that time, by a verbal arrangement it was agreed that he should take such time as might be necessary to effect a sale; but that, thereafter, in viola-

tion of their agreement, the plaintiff himself sold the timber off of said land for $1,500 and converted all of the money to his own use, and later sold the land. Defendant made his answer a counterclaim against plaintiff, and asked that after the satisfaction of his purchase money and his indebtedness to the plaintiff, as evidenced by his notes, he be given judgment over against the plaintiff for the balance realized by him out of the sale of the timber and land. The plaintiff, in his reply, admitted the purchase of the Spencer tract of land by the defendant and the execution by him of his bond therefor, but alleged that defendant was unable to pay off and satisfy the bond, and transferred and assigned his bid to plaintiff, in consideration of which, plaintiff agreed to pay the bond, and at the same time he gave to defendant an option, under the terms of which he had power to sell the land at any time within twelve months; that the defendant failed to avail himself of this right; and that at the expiration of the twelve months, by special arrangement, the time within which defendant might sell was extended for six months, but for no longer; that at the expiration of the six months, the right of the defendant to sell the land ceased. He denied that the authority or right was thereafter given to the defendant to make said sale. He denied that there was any agreement or understanding between them, by which the indebtedness of the defendant to him, as evidenced by the notes, was to be paid out of the sale of this land. He pleaded the statutes of limitation in bar of defendant's right to recover anything on his alleged counterclaim.

Upon this issue of fact the proof was taken and the case submitted for judgment. The chancellor was of the opinion that the transaction whereby the defendant transferred and assigned to plaintiff his bid and purchase of the Spencer tract of land and caused the commissioner to execute a deed therefor to plaintiff, was, in effect, a pledge or mortgage on the part of the defendant to plaintiff of the Spencer land, to secure the indebtedness of defendant to plaintiff; and that said property having been sold by plaintiff for more than enough money to satisfy the purchase price and the amount of the notes, that the notes were, by virtue of said sale, canceled. He adjudged that the plaintiff was entitled to recover nothing by his suit; and that the defendant was entitled to recover nothing on his counterclaim, the plea of the statute of limitation being held good. The plaintiff appeals.

The evidence is not altogether satisfactory, but there are several circumstances tending strongly to corroborate the statement of appellee, to the effect that it was the understanding between him and appellant, when this trade was made, that the title to this property was to be put in appellant for the purpose of securing him, not only in the purchase price which he was advancing, but also in the indebtedness of appellee to him, which was evidenced by the notes in suit. The deed itself shows that appellee was given twelve months, within which to sell this land. Appellant admits that he agreed to an extension of six months additional time, while appellee testifies that it was agreed between them at that time, that he should have such time as was necessary to sell the land.

Appellant is a good business man, and it is strange that, if appellee owed him this money and the notes were not satisfied by the sale of the Spencer land and timber, he never made any attempt to collect them until limitation had almost run. In fact, although he saw appellee frequeently, he never made any demand for their payment. His wife testifies that upon one or two occasions, she requested a payment on these notes. In making this request, she was not acting as the agent of her husband, and it is not claimed that her husband knew that she was making such demand. Under subsection 1, section 606 of the Code, her evidence was clearly incompetent; but, even if it be considered, it cannot be said that, from her statement of what transpired between herself and appellee, he was recognizing the validity of this claim. On the contrary, it rather appears from her testimony that he was then claiming that he had a right to sell the Spencer timber land; and this part of her testimony corroborates appellee in his claim that his right to sell the land was not limited to six months after the time fixed in the commissioner's deed. Again, one J. W. Congleton, a business partner of appellant, testifies that on one occasion, in a conversation with Smith, he gathered from what Smith said, that Smith was indebted to Vaughn; but, there is nothing in Congleton's testimony to show that the debt to which Smith at that time referred, was that evidenced by these notes. Appellant himself testified that, after the notes were executed, he held a claim against Smith on account of money advanced him to pay his taxes. So, taking the testimony of Congleton as true, it does not establish the fact that Smith admitted

the existence of the indebtedness evidenced by these notes. Appellant also attempted to prove by one J. F. Stamper, at one time sheriff of Wolfe County, that Smith admitted owing the debt evidenced by these notes, some years after the Spencer land transaction. A careful reading of Stamper's evidence, however, shows that, when he had the conversation with Smith relative to these notes, Smith was claiming that they had been settled, and his testimony is, therefore, rather in favor of appellee than against him. For himself, appellee testifies positively that the transaction between them was as set out in the pleadings. And he is corroborated, in the main, by the testimony of appellant himself.

It is not denied that apellee was the owner of the Spencer land, and that he wanted to raise the money necessary to pay off the purchase price. He approached appellant with the view of making this arrangement with him. According to appellant's own testimony, he agreed to advance the money more on account of his personal regard for appellee, than from any personal knowledge of the property.

On this state of facts, what are the rights of the parties? It is well settled that the form of the conveyance is unimportant, in determining whether it is a deed or a mortgage. It is the intention of the parties which controls. If it appears that the instrument was intended merely as security for debt, then it is a mortgage no matter how it is drawn. Baldwin v. Crowe, 86 Ky., 679.

Under a line of decisions in this State, it was formerly held that, if the conveyance is an absolute deed, and there is nothing in the writing itself from which it could be inferred that it was intended to be merely a mortgage, parol evidence could not be introduced, unless it was supported by a plea of fraud or mistake in its execution. Monford v. Green's Admr., 103 Ky., 141; Holtheide v. Smith, 24 Rep., 2535. But, in Hobbs v. Rowland, 136 Ky., 197, this court receded from the position taken in Monford v. Green's Admr., supra, and overruled said opinion, in so far as it held that parol evidence could not be introduced to show that a deed absolute on its face, was only a mortgage, except when supported by a plea of fraud or mistake in its execution. It was there expressly decided that a deed, absolute on its face, might, by parol evidence, be shown to be a mortgage without pleading that the deed was executed through fraud or mistake. The principle announced in

that case, was re-affirmed in the later case of Brown v. Spradlin, 136 Ky., 703.

The deed under consideration is not absolute on its face, but contains a provision, which, unexplained, leaves the mind in doubt as to the real nature of the transaction between appellant and appellee. But, when it is read in the light of the facts and circumstances surrounding its execution, it is apparent that it was intended merely as a security for debt, and hence, the chancellor correctly held it to be a mortgage. When there is doubt as to whether the writing is a mortgage or a conditional sale, that construction will be adopted which is most favorable to the debtor and the instrument held to be a mortgage. Tygert v. Potter, 16 Rep., 809. The equities are altogether with appellee, and the circumstances, under which the deed was executed, tend to strengthen and support his contention. Under appellant's own admissions, he received from the sale of the land and timber thereon, a sum more than twice the amount that appellee owed him. This fact, coupled with his long delay in bringing suit, strengthens our conclusion that the chancellor was right.

Judgment affirmed.