## Smith v. Berry, et al.

(Decided November 11 1913).

## Appeal from Daviess Circuit Court.

Mortgages—Action to Have Deed Declared a Mortgage—Evidence.—
In an action by B. as next friend for his seven children to have
a deed executed by his deceased wife to appellant declared a
mortgage, except the deed itself, and the testimony of appellant
relating to a conversation he had with Mrs. B. at the time the deed
was made, all the evidence shows that the instrument was in-
tended to be a mortgage, and not a deed. His testimony as to
the conversation is incompetent now that Mrs. B. is dead, and
is not admissible against the infant children. Held, The facts
amptly justified the lower court in holding the instrument a mort-
gage.

LA VEGA CLEMENTS for appellant.

BIRKHEAD & WILSON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an action instituted in the Daviess Circuit
Court by D. G. Berry, as next friend for his seven chil-
dren, to have an instrument, purporting to be a deed of
conveyance, declared a mortgage.

The petition alleges that at the time this instrument
was executed it was the understanding and agreement
of the parties that it was only for the purpose of secur-
ing the appellant, Smith, against any loss in the payment
by him of the two lien debts, approximating $400.00, re-
ferred to in the instrument, and that by fraud or mis-
take this agreement was omitted. The appellant's an-
swer controverted these allegations, but by the second
paragraph, admitted that the consideration set out in
the instrument was not the real one, for, in addition to
assuming payment of the $400.00 lien debts, the instru-
ment also was in payment to Smith of about $325.00,
which Smith at various and sundry times had loaned, and
supplied to D. G. Berry and his wife, Florence M. Berry,
and that, in this way, the total consideration was $725.00.

The property covered by the instrument was a
house and lot in the city of Owensboro. The lot extend-
ing 330 feet through from Main to 3rd street, and front-
ing 57 feet on each street. The title was in Mrs. Flor-
ence M. Berry, wife of appellee, and mother of the
seven children. The instrument was executed and de-

livered in 1909, and for about a year previous Mrs. Berry had been an invalid, and lived only a short while afterwards. Her sister, Miss Ann Harben, had been a member of the family for ten years before her death. The wife of appellant, Smith, was another sister.

It seems that a construction company did some paving in front of this property by which it acquired a $60.00 lien, and, in a suit to enforce it, the Central Trust Company, which also held a $300.00 lien against it, was required to set it up, and by these proceedings the property was sold by the Master Commissioner, and Mrs. Berry became the purchaser at the price of $725.00. Appellant swears that Mrs. Berry was unable to pay the purchase money, and that she came to him, her brother-in-law, seeking his aid, and proposed that she would give him a mortgage on the place if he would pay off the lien debts. He replied that he did not want to get mixed up in it unless he could get a deed for the place, and that Mrs. Berry agreed to make him a deed, and thereupon Mrs. Berry and her husband, D. G. Berry, did execute and deliver to him the deed, which is the one in controversy here. The recited consideration is that Smith will assume and pay the lien debts of the Trust Company and the Construction Company. These approximated $400.00. As above stated, he testified that, as a part of the consideration, he also cancelled the $325.00 of indebtedness which he held against the Berrys, making the total consideration $725.00, that being the amount Mrs. Berry bid for the property at commissioner's sale. Smith swears that was the full value of the property at the time he purchased it. Witnesses for appellee show that the property is, and was worth at the time $2,000.00, while witnesses for Smith estimate the property to be worth from $800.00 to $1,400.00. But it is evident that Smith's witnesses regarded the improvements on the lot as of negligible value because the house was old, and most any one able to purchase the lot would not care to live in a house of that character. This deed occasioned no change in the relations of the parties or in the occupancy of the house. The Berrys continued to live in the house for three years, and until just a short time before this suit was instituted, when Smith by proceedings in a magistrates court evicted them, for the reason, as he says, that they were paying him no rent.

Smith does not make any satisfactory showing as to the amount, origin, or nature of the debt he held against the Berrys, or whether D. G. Berry or his wife, Florence M. Berry, was the party responsible. He files no statement of it, and there is nothing in the record upon which the amount of it may be fixed.

It is clear from the proof that the appellee, D. G. Berry, was an improvident sort of a fellow, and it is no doubt true that his brother-in-law had contributed to the support of his family for years before the death of Mrs. Berry. Whether at the time these contributions were made he intended them as donations or sales it does not appear. He was in the grocery business, and either for reasons of pride or sympathy he endeavored to keep the wolf from the door of the Berry family. However, all the witnesses who testify on this point admit that Miss Harben was the mainstay and real support of the family, both before and since the death of her sister. Miss Harben swears that between the time the instrument was executed and the institution of this suit she had numerous conversations with the appellant in which he asked her to pay him the money he had in the place, and that he would then deed it back to the children, and assured her in all these conversations that all he wanted was the money he had in it.

She also swears that the Berrys had no account at his store, and that they never bought of, or owed him anything, except that Smith did pay one-half of Mrs. Berry's funeral expenses.

It should be noted here that Smith does not deny any of these statements of Miss Harben.

In the case of Hobbs v. Rowland, 136 Ky., 197, this court held that parol evidence is admissible to show that a deed, absolute in its terms, is a mortgage to secure a debt.

Appellant Smith admits that as between himself and Mrs. Berry the relation of debtor and creditor existed, and that the transaction originated in an application to him for a loan of money, and that failing to secure the loan she was about to lose the place. There is strong proof that the consideration was inadequate. While there is a conflict in the testimony as to the value of this property, yet all of the witnesses value it in excess of the amount he says he paid, viz.: $725.00, and his witnesses also place but little value on the house, aside from the lot. This method of valuing is hardly fair to ap-

pellees' children. It was a home to them, and using it for a shelter with Miss Harben as a mother it was as valuable and serviceable to them as any palace.

The relation of debtor and creditor, imminent danger of loss of the property, and inadequacy of price are all factors which incline the courts to consider an instrument a mortgage, rather than a deed. Except the deed itself, and the testimony of appellant, Smith, relating to conversation he had with Mrs. Berry at the time the deed was made, all the evidence shows that this instrument was intended to be a mortgage, and not a deed, and the inducement which Smith had to go into the transaction, aside from his interest in the Berry family, was the security it gave to him for the payment of the $325.00, approximately, which he claimed the Berrys owed to him. His testimony as to conversation with Mrs. Berry is incompetent now that she is dead, and is not admissible as against the infant children. The conversations which Miss Harben swears Smith had with her all point strongly to the fact that he also regarded the instrument as security for a loan, and since he does not deny her testimony the lower court was justified in taking it as true.

In the case of McKibben v. Diltz, 138 Ky., 684, this court approved the doctrine that whenever the instrument is ascertained to be only a security for money it will be considered a mortgage, however artfully it may be disguised. The courts in determining questions of this character look beyond the name given by the parties to the instrument. A mortgage is none the less a mortgage, although the parties may call it a deed. Appellant argues, however, that Berry having alleged that the deed was intended to be a mortgage, and the agreement to this effect being omitted by fraud or mistake, the burden is upon him to sustain it. Appellant admits that Mrs. Berry was in debt to him, and that the deed does not show the true consideration, and the undisputed testimony of Miss Harben establishes the fact that appellant regarded the transaction as a loan, and all the other evidence in the case, except the deed itself, tends to confirm that as the intention of the parties. Whether the failure to express in the instrument the real intention was by fraud, or whether it was by mistake, is immaterial when the record clearly shows that for one or the other reasons it was omitted. No doubt the instrument was drawn just as appellant desired it should be, and

whatever was omitted he intended should be omitted, but considering all the facts and circumstances there was either a fraud upon Mrs. Berry, or it was a mistake upon the part of appellant. We prefer to believe it was his mistake rather than fraud. For the purposes of this case it is sufficient in either event.

From the above considerations it will be seen that we are of the opinion that the facts amply justified the lower court in holding the instrument to be a mortgage, and it properly referred the case to the Master Commissioner to take proof as to the amount of appellant's claim, and value of the improvements he had made on the property.

The judgment is, therefore, affirmed.