## Turner v. Newberry.

(Decided October 14, 1915.)

### Appeal from Perry Circuit Court.

Trusts—Impeachment of the Consideration Expressed in an Absolute Deed, to Raise an Oral Trust.—Parol evidence is admissible to impeach the recited consideration of a deed absolute on its face, for the purpose of showing a trust whereby the grantee agreed to sell the land conveyed and to pay over to the grantor the excess so realized over certain debts of the grantor.

NAPIER & TURNER and MILLER & WHEELER for appellant.

WOOTTON & MORGAN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

W. H. Turner sued William Newberry in the Perry Circuit Court to recover a sum of money claimed to be due in virtue of a certain oral trust. Upon a trial of the action, the court directed a verdict for the defendant, and the plaintiff appeals.

The Winchester Bank had sued Turner in the Perry Circuit Court, and it obtained a judgment in that action against Turner and against Newberry as Turner's surety on a bond executed therein, for the sum of $498.83. Turner was also indebted to one R. F. Fields in the sum of $174.74, which was a lien upon a tract of land owned by Turner in Perry County, containing 95.54 acres.

According to the testimony of the plaintiff, which for the purpose of this opinion is taken as true, the trial court having directed a verdict for the defendant, Turner was unable to discharge the claim of the Winchester Bank, and Newberry asked him if he was going to permit him, Newberry, to suffer by reason of his having signed the bond mentioned, whereupon Turner said he would sell his land and pay off the claim of the Bank and of Fields. At that time, Turner had an offer of $8.00 per acre for his land, but did not want to accept that price. Newberry then said that he was going to sell some land of his adjoining Turner's, and that he could sell the two tracts together for $10 per acre or more; that if Turner would convey to him the 95.54 acres then owned by Turner, he would put it in with his own land in the sale, and would pay over to Turner the excess of the sum so realized after discharging the debts due the Winchester Bank and R. F. Fields. Turner then proposed that a written contract to this effect be entered into, but Newberry said that the parties to whom he proposed to sell the land would not be willing to take it if they should learn that Turner was beneficially interested, as they were angry at him because he would not take their offer of $8.00 per acre. Thereupon, Turner and wife executed to Newberry a deed in the usual form, reciting that it was made "for and in consideration of the sum of $673.57, $498.83 of which is this day paid by second party to the Winchester Bank in satisfaction of a judgment rendered in favor of said bank in an action in the Perry Circuit Court, wherein the Winchester Bank was plaintiff and W. H. Turner and others were defendants; and $174.74 of same was this day paid by the party of the second part to R. F. Fields in satisfaction of a judgment lien he holds against the lands herein conveyed, which judgment lien was adjudged to said Fields in the above-named action, all of which is declared to be an essential and moving consideration, the receipt of all of which is hereby acknowledged, and on consideration of its full payment of said sum as above stated, the parties of the first part do hereby grant, bargain, sell and convey, etc."

This deed was executed April 20, 1909, and on June 6, 1910, Newberry sold his land and the land so conveyed to him by Turner, for a sum amounting to about $11 per acre; and Newberry having failed to account for any excess so realized over the $673.57 paid by him to the

Winchester Bank and to Fields, Turner brought this action to recover this difference.

We are informed by the brief of counsel for appellant (appellee has filed no brief) that the trial court sustained defendant's motion for a directed verdict upon the theory that as there was no plea of fraud or mistake in the execution of the deed, a consideration other than that expressed in the deed could not be shown.

It is well settled in this state that parol evidence is admissible to impeach the consideration of a deed absolute on its face and to show that it was in fact intended by the parties as a mortgage or security for indebtedness. Vaughn v. Smith, 148 Ky., 531; 146 S. W., 1094; Leibel v. Tandy, 146 Ky., 101; 141 S. W., 1183; McKibben v. Diltz, 138 Ky., 684; 128 S. W., 1082; 137 A. S. R., 408; Brown v. Spradlin, 136 Ky., 703; 125 S. W., 150; Hobbs v. Rowland, 136 Ky., 197; 123 S. W., 1185 (overruling Munford v. Green, 103 Ky., 140; 19 R., 1791; 44 S. W., 419). See also 27 Cyc., 1021.

The recited consideration of a conveyance may be impeached, without allegation of fraud or mistake, and that, too, by parol testimony. Ky. Stat., Section 470, Subsection 7; Stamper v. Cornett, 121 S. W., 623; Ky. Stat., Section 472.

Of course, in the instant case, it was not shown that the conveyance from Turner to Newberry was in fact intended to be a mortgage; it was not intended that the land should be held by Newberry as security, but that he should sell it and pay to Turner whatever the sale realized over and above the amounts which Newberry had paid for Turner. The transaction was an oral trust.

In Woolfolk v. Earle, 40 S. W., 247; 19 R., 343, a daughter conveyed to her stepfather a tract of land, for the recited consideration of one dollar. There was a parol agreement at the time that he was to sell the land so conveyed to him and pay the proceeds over to his wife, the daughter's mother. In a suit to enforce this trust, the court held parol testimony admissible to show that such was the inducement for the execution of the deed, and to establish the trust by showing the real consideration for the conveyance.

In Spencer v. Richmond, 46 App. Div., 481; 61 N. Y. Supp., 397, it was likewise held that parol evidence was competent to show that a deed absolute on its face was in fact to secure an indebtedness, and that there was also the further parol agreement that the lands thereby

conveyed were to be sold, and the balance over and above such indebtedness owing to the grantee, should be returned to the grantor.

In Texas, where, as in this State, there is no statute adopting the seventh section of the English statute of frauds, or any equivalent declaration, it is held that a parol express trust is raised where a grantor executes a conveyance of land, absolute on its face, under a parol agreement by the grantee to sell the land and account to the grantor. Diffie v. Thompson, 90 S. W., 193; Clark v. Haney, 62 Texas, 514; 50 Am. Rep., 536.

And even in those states where the seventh section of the original statute of frauds is in force, it is held where a creditor of the grantor takes a conveyance of land under a parol agreement to sell the same and account for the proceeds in excess of grantor's debt, that notwithstanding the original invalidity of such parol agreement, when the land has in fact been sold, the proceeds are impressed with a trust in favor of the grantor which may be enforced. Bechtel v. Ammon, 199 Pa., 81; 48 Atl., 873.

The trial court therefore erred in directing a verdict for the defendant.

The judgment is reversed.