HALL *v.* THE JUNCTION RAILROAD COMPANY.

Suit upon a promissory note. Answer, by way of set-off, that the defend-
ant had delivered to the plaintiff a note, on one *A.*, to be collected and ac-
counted for, and that the plaintiff had negligently failed to sue, until *A.*
became insolvent. The receipt given by plaintiff for the note was condi-
tioned that he should account for the same, or deliver it to an attorney
for collection.

*Held*, that the plaintiff was bound to use reasonable diligence in the manage-
ment of said note, according to the terms of his receipt.

*Held*, also, as the question of diligence must be determined by the facts
in each case, and no precise time can be fixed as being sufficient to sup-
port an averment of non-performance, unless the non-performance could be
averred at a day so remote as to authorize the Court to infer negligence,
that the negative averment in the answer, that due diligence was not used,
was sufficient.

*Held*, also, that the note having been delivered to the plaintiff only twelve
days before the next approaching term of the Court having jurisdiction, and
the maker living some miles distant, the plaintiff would not be liable, as
for negligence, for not suing in such Court.

*Friday,* APPEAL from the *Fayette* Common Pleas.
*December* 14. HANNA, J.—Suit on a note and a writing, named in the
pleadings a warrant. Answer, setting up that the defendant

had delivered to the plaintiff a note, on one *Roby*, who was then good, and the note collectable, to be collected and accounted for, &c.; that plaintiff had negligently failed to sue, until *Roby* had become insolvent, and the same could not be collected because of said negligence, &c. A demurrer to the answer was overruled; as well as a motion to strike out portions thereof. Points are presented upon these rulings. The pleading avers that, at the time the note was delivered, a receipt was executed, which is made a part of the answer, and provides, after describing the note, that, as to the same, said *Hall* was to "account for, or leave it with an attorney in *Centerville* for collection, and in that event pay the expenses of collection and have the benefit of the judgment."

Nov. Term,
1860.

HALL
v.
THE JUNC-
TION RAIL-
ROAD Co.

The note was not left with an attorney, so as to have suit brought at the first term of Court after it was so delivered; and for causes not disclosed, judgment was not obtained for near a year and a half thereafter.

Questions as to the degree of diligence requisite, upon the part of *Hall*, in reference to the collection of said note, are raised; and also, as to the admission of certain evidence upon the trial.

We think that *Hall* was bound to use reasonable diligence in the management of the note, or claim, that was delivered to him. He was to account for it, or leave it with an attorney, &c. If he undertook to dispense with the alternative of leaving it with an attorney, it was then incumbent on him to show that he had exercised that degree of diligence which would excuse him from accounting for the amount of the note, if it could not be collected. If he decided to choose the alternative of leaving the same with an attorney, he would, as to that, have to show that he had, in like manner, exercised diligence in that act. Each case must, to some extent, be controlled by its own facts, as to whether there was due diligence exercised; therefore, no precise time can be fixed, as being sufficient to aver the non-performance of the one or the other of the acts, in the pleadings; unless the averment could have been of non-performance at a day so remote from the day of the delivery of the note, as to enable the Court to say, that the want of diligence could have been inferred from the space of

Nov. Term,
1860.

HALL
v.
THE JUNC-
TION RAIL-
ROAD CO.

time that had elapsed. The averment, therefore, being of a negative character, namely: that the plaintiff did not use due diligence, and had through his negligence caused, &c., is sufficient; and the demurrer was properly overruled.

There was a reply filed denying, &c. Trial, finding and judgment for the defendant, for seventy-three dollars, which was the difference between the claims sued on, and that set up in defense.

Upon the motion for a new trial, the sufficiency of the evidence, to sustain the verdict, is questioned. The note was delivered to *Hall* on *March* 26, 1856, at *Connersville*, *Fayette* county. The first term of the *Wayne* Common Pleas, which was the first term of a Court thereafter, in said county, commenced on *April* 7. *Roby* resided near *Abington*, *Wayne* county: *Hall* at *Brownsville* in *Union* county. *Hall* caused the note to be presented to *Roby* on *March* 27, and demanded payment, which was refused, and he was told it would not be paid. The note was delivered to attorneys on *June* 12, and suit brought in time for the *July* term of said Common Pleas. By the evidence the want of diligence is rested upon the fail-ure to bring suit at the first term. The evidence does not show whether *Roby* was, between *March* 26, and *June* 12, solvent or not; except that when *Hall* got the note, he stated, he thought he might be good, but he did not know how long he would be so. Nor were his circumstances shown afterward. It is true the record of the suit upon the note was given in evidence, but for one purpose only, namely, to show the time when suit was instituted; but the whole record went in evidence, and showed a return of no property found, if it had been before the jury for that purpose.

We are of opinion that the evidence does not sustain the judgment.

The evidence shows that but twelve days intervened between the day when the note was obtained by *Hall*, and the term of the first Court having jurisdiction. Service had to be ten days, or no steps could be taken to force a judgment. We do not think that, under the arrangement, he was compelled to sue, without first making an effort to collect it without. Two days were not sufficient to traverse three counties,

and make that effort; at least we hold there was not a want of diligence if he failed to perform that act, and sue, also, within the two days, under the merely ordinary circumstances here disclosed.

*Per Curiam.*—The judgment is reversed, with costs.

*B. F. Claypool,* for appellant.

*J. C. McIntosh,* for appellee.