# Bonta vs. Curry.

APPEAL FROM MERCER CIRCUIT COURT.

1. The assignee of a note as *collateral security* is required to observe ordinary faith and diligence; but is not required to use the technical diligence which is required of simple assignees of notes.

2. The assignee of a note as *collateral security* was notified of the impending insolvency of the obligor, and warned, that if he did not sue or surrender the note forthwith, he must take the risk, and would be held responsible; the debt being lost in consequence of the failure to sue when notified and warned as above, the assignee is held responsible for the amount of the note.

JAMES D. HARDIN,                               For Appellant,

CITED—

1 *Handy*, 434; *Evans vs. Hall.*

2 *Handy*, 229; *Roots vs. Nye.*

DURHAM & JACOBS and

J. B. & P. B. THOMPSON,                        For Appellee,

CITED—

10 *B. Mon.*, 241; *Nolen vs. Clark.*

7 *B. Mon.*, 192; 9 *Dana*, 47; 3 *Dana*, 597.

1 *B. Mon.*, 304; 1 *Mon.*, 103; 3 *B. Mon.*, 587.

9 *B. Mon.*, 55; 3 *B. Mon.*, 38.

3 *B. Mon.*, 122; *McFadden vs. Finnell, &c.*

*Littell's Select Cases*, 229.

4 *Met.*, 52; *Civil Code*, sec. 161.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, holding a note on the appellee for eight hundred and forty dollars, took, as collateral security, the

assignment of a note on Bottom and Thompson for five hundred and sixty dollars, which he collected, and also a note on Simon Vanarsdall for four hundred and thirteen dollars, which he never collected; and, in this action on the note for eight hundred and forty dollars, the question litigated is, whether, as Vanarsdall is now insolvent, the appellant or the appellee should bear the loss of the amount of his note.

The jury found and the circuit judge adjudged that the loss shall fall on the appellant; and thereupon, judgment was rendered against him for the amount of the excess of Vanarsdall's note over the balance due on the appellee's note to the appellant.

The appellee charges, that if he could have controlled the note on Vanarsdall, it would have been collected; that, had the appellant sued on it to the first April term after the assignment, he might have enforced payment; and that, negligently failing to sue until the succeeding August term, he lost the debt by the intervening insolvency of Vanarsdall; and, insisting, therefore, that the appellant is responsible to him for the amount of it, claimed judgment for the excess of this note over the balance due on the note for eight hundred and forty dollars.

On the other hand, the appellant, denying the imputed negligence, and insisting that only ordinary prudence and diligence were required of him by law, avers that he faithfully observed these, and is not responsible for the loss.

As simple assignee of the note by purchase, the appellant might have lost recourse by failing to sue at the April term; but the note being assigned to him as mere security in trust for collection, the technical diligence required of simple assignees of notes was not required;

but the law implied only a contract to observe ordinary faith and vigilance; and had there been in this case nothing more than the lapse of one term of court, we could not, on that ground alone, adjudge the appellant guilty of gross negligence. But the appellee having, a few days after the assignment of the note, conveyed to Nimrod Harris all his estate for the payment of his debts, that trustee, in the apppellee's presence, and with his concurrence, demanded the surrender of the note to himself for collection, notified the appellant of Vanarsdall's impending insolvency, and warned him, that if he would neither surrender the note nor forthwith sue on it, he must take the risk, and would be held responsible for any loss that might result from his persistent inaction. And the same witness also testified that several judgments obtained against Vanarsdall at the said April term were all fully satisfied.

Now, although Vanarsdall's note did not pass to Harris by the deed of trust, and the appellant therefore was not bound to surrender it on the demand made, yet, as a trustee of ordinary faith and prudence, it was his duty, after that notice and warning by the appellee, to proceed without delay to collect the note by legal process; and it seems probable that, had he thus acted, he would have made the whole amount.

Then, on this ground, we approve the judgment of the circuit court; and therefore, detecting no available error in the progress of the case, the judgment is affirmed.