## C. H. LARKIN COMPANY v. J. J. DAWSON.

Decided November 30, 1904.

**1.—Note Collateral Security—Negligence of Pledgee.**

Where the opportunity to collect bills or notes of a third party given as collateral security for a promissory note of the pledgor is lost by negligence of the pledgee, when with ordinary care they might have been enforced, the latter is liable for the full loss and damage to the pledgor.

**2.—Same—Pledge—Failure to Collect—Charge.**

A charge upon the liability of a pledgee for negligent failure to collect a note of a third party given as security for a promissory note of the pledgor need not inform the jury when the security note became due.

Appeal from the District Court of Brewster. Tried below before Hon. B. C. Thomas.

*W. Van Sickle,* for appellant.

*Sanford & Douglas,* for appellee.

FLY, ASSOCIATE JUSTICE.—May L. Hoornbeck and W. W. Turney, as executors of the estate of C. H. Larkin, deceased, and C. H. Larkin Company, a corporation, and appellee on a promissory note, of date December 7, 1898, for $225, due and payable on September 15, 1899. Appellee, among other things, pleaded that on the day he executed the note to C. H. Larkin he indorsed, transferred and delivered to said Larkin a note for $519.70, dated September 1, 1898, and due on September 1, 1899, with 10 per cent per annum interest from date, as collateral security for the payment of his note for $225, that said note had been executed to appellee by E. C. Carpenter, who at the time and for more than a year thereafter was solvent and had abundant property out of which the amount of the note executed by him could be realized. That said Larkin and said C. H. Larkin Company failed and refused to collect the amount due on the Carpenter note when it became due and delayed taking any steps for such collection until long after said note had become due and Carpenter had disposed of most of his property, and the note had become worthless, wherefore he pleaded for judgment against C. H. Larkin Company for the full amount of the Carpenter note after deducting the amount due on his note for $225. The suit was dismissed as to May L. Hoornbeck and W. W. Turney and being tried by jury resulted in a verdict and judgment in favor of appellee for $486.19.

The facts show clearly that appellant had neglected to take proper steps to collect the collateral security until Carpenter, the maker of the note, had disposed of all his property and had become insolvent. When the note became due and for several months thereafter Carpenter had sufficient property, subject to execution, to fully pay off and discharge his note to appellee, but no adequate effort was made to collect the note until it was too late. Appellee informed appellant just before the note was due that Carpenter was disposing of his property and asked it to collect the note, but no action was taken. The Carpenter note constituted all the available assets of appellee and he so informed the pledgee. Larkin, at time note was given him, agreed to collect it promptly and after paying his note deliver balance to appellee.

When negotiable instruments made by a third party are used as collateral security for the promissory note or bill of exchange of the

pledgor, so that the pledgee becomes a party thereto, and such collateral paper matures before the principal debt, it is the duty of the pledgee to use reasonable and ordinary care and diligence in the collection of the collateral. "Where the opportunity of collecting collateral bills or notes is lost by the insolvency of the parties thereto, by reason of the supine negligence of the pledgee, when with ordinary care the same might have been enforced, the latter is liable to account for the full loss and damage of the pledgor." Colebrook on Coll., Sec. 114.

The case of Douglass v. Mundine, 57 Texas, 344, is similar to this, and in discussing the question of the liability of a pledgee for the negligence in collecting collateral securities left with him the court said: "The debtor transfers and delivers to the creditor a lot of solvent notes, in amount more than sufficient to pay the debt, and guarantees their payment; by the fault of the creditor these collaterals become entirely worthless. It will not do to say that because the debtor was in default in not paying his note, that therefore the creditor could, without incurring liability, inflict loss upon the debtor through his negligence and fault."

The second assignment of error complains of that part of the charge where the jury is instructed that if they believed that at the time of maturity of the E. C. Carpenter note said Carpenter was not insolvent and it could have been collected by the use of reasonable care and diligence, and the Larkin Company did not use such care and diligence, and that Carpenter afterwards became insolvent, then a verdict should be returned for appellee; the ground of objection being that it limited the time of Carpenter's solvency to the date of the maturity of the note and not after the date of the maturity of the note. We see no force or merit in the assignment. The charge when read altogether is plain and pertinent to the issues.

It was not incumbent on the court to inform the jury when the Carpenter note became due. The note showed that, just as it showed the date on which it was executed.

The fourth assignment of error complains of the charge because it did not inform the jury that the diligence required of appellant in collecting the note did not arise until after the maturity of the note. There is no merit in the assignment. No jury of average intelligence would be misled by the charge.

The Carpenter note having been transferred to appellant, appellee was relieved of responsibility in regard to the collection of the note. "The pledgee of negotiable bills of exchange or notes acquires, where the same are transferred so as to make him a party thereto, the legal title in such negotiable collateral securities, and is entitled to receive the sum due upon the same from the parties liable thereon, and in the event of default, to proceed by action to collect the whole face value thereof, holding the proceeds to be applied in payment of the principal indebtedness." Appellee could not have collected the note if he had so desired. The contention of appellant that appellee acquiesced in an extension of time of payment of the Carpenter note is not

sustained by the record. The record does not disclose that any extension was given, the only mention of an extension being that in a letter of appellant to appellee in which it was stated that an extension had been asked by Carpenter and refused by appellant. Authority is ample to sustain the position of the court. In the case of Easton v. Bank, 24 Fed. Rep., 523, it is said: "When negotiable instruments are pledged as collateral, it is the duty of the pledgee not only so to deal with them as not to destroy or impair their value, but he is to use ordinary diligence to make them available for the payment of the debt. If he suffers indorsed papers to mature without resorting to the necessary steps to charge the indorser, or fails to pursue reasonably the primary parties, he may become responsible for any loss that may ensue."

In the case of Farm Investment Co. v. Wyoming College & Normal School (Wyo.), 68 Pac. Rep., 562, the question at issue was fully discussed and the court said: "The duty thus imposed upon the pledgee may, if necessary, require him to resort to active measures to protect the pledge, and prevent a loss occurring through the insolvency of the parties liable for their payment. Reasonable and ordinary care is all that he is bound to exercise. If, because of his gross negligence, he fails to collect the same when it might have been done, and the pledgor is injured, and the value of the collateral paper lost, he becomes chargeable with the face of the securities as in payment and discharge, pro tanto, of the principal debt. . . . And the damages resulting to the pledgor by reason of loss occasioned through supine negligence of the creditor may be set up by way of counterclaim in an action brought against the pledgor upon the principal debt."

In the case of Hawley v. Brownstone (Cal.), 56 Pac. Rep., 468, the court said: "That a pledgee may become liable through his gross negligence or by his tortious dealings with the pledge where the pledgor is injured thereby, and that the pledgee of negotiable paper as collateral security is bound to use ordinary diligence in preserving the legal validity of the pledge, and is answerable for a loss through a corresponding degree of negligence to the extent of such loss, are propositions well established."

The other assignments of error are disposed of by our conclusions of fact, and there being no error shown bv the record the judgment is affirme⌐

*Affirmed.*