## Menser v. Lea.

(Decided June 15, 1917.)

### Appeal from Daviess Circuit Court.

1. Evidence—Parol Evidence Affecting Writing—Deeds—Consideration.—Under our statutes, the consideration of any writing may be impeached or denied by verified pleading, and the recited consideration of a conveyance may be shown to be otherwise by parol evidence, without an allegation of fraud or mistake.

2. Vendor and Purchaser—Action to Recover Purchase Price—Consideration—Burden of Proof.—The recital in a deed that the entire consideration has been paid makes out a prima facie case in favor of the vendee, and the burden of showing the contrary is on the vendor.

3. Pleading—Proof—Variance.—In an action to recover the balance of the purchase price of land represented by a certificate of deposit, which plaintiff alleged was assigned to and accepted by him merely as collateral security, there was no material variance between the petition and the proof, where plaintiff's evidence showed that he accepted the certificate with the understanding that he was looking to the defendant and the land for the money, and that defendant would stand good for the amount of money represented by the certificate.

4. Assignments—Collateral Security—Failure of Assignee to Use Reasonable Diligence to Collect Collateral—Pleading—Instruction.—Where there was no plea by the assignor that he had been damaged by reason of his assignee's failure to use ordinary diligence to collect certain collateral assigned to secure the deferred purchase money on land, there was no error in refusing to submit this issue to the jury.

5. Assignments—Instructions—Evidence—Sufficiency.—In such an action, evidence that defendant agreed to stand responsible for the certificate was, in effect, an agreement to pay the certificate if the bank that issued it failed to pay it, and was sufficient to authorize an instruction submitting the question whether "the defendant agreed to pay said sum to the plaintiff unless said certificate was paid to the plaintiff by the Central City Deposit Bank."

W. T. ELLIS and J. J. SWEENEY for appellant.

LITTLE & SLACK and BIRKHEAD & WILSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On August 20, 1914, T. J. Lea sold to A. B. Menser a farm located in Daviess county for the consideration of $14,000.00, but the consideration stated in the deed was "the sum of one dollar ($1.00) cash in hand paid and for other good, valuable and sufficient consideration cash in hand paid, the receipt of all of which is hereby acknowledged." In closing up the transaction, Menser delivered to Lea two certificates of deposit on the Central City Deposit Bank, one for $2,000.00 and one for $4,000.00, payable March 6, 1915, with four per cent. interest. The $2,000.00 certificate was subsequently paid, but before the $4,000.00 certificate became due the bank became insolvent and was placed in the hands of the state banking commissioner.

Lea brought this action against Menser to recover the $4,000.00 and accrued interest as deferred purchase money, and the trial before a jury resulted in a verdict and judgment in his favor. Menser appeals.

The petition states, in substance, that on the 20th day of August, 1914, plaintiff sold and conveyed to the defendant a tract of land in Daviess county, in consideration of the sum of $14,000.00, to be then paid in cash, but thereafter, and before said conveyance had been executed and delivered, defendant asked further time in which to make part of said payment, and it was then agreed that he should have until March 6, 1915, in which to pay the sum of $4,160.00; that defendant then promised to pay said sum to plaintiff on that date, and to secure the payment thereof he delivered to plaintiff a certificate of deposit that had been executed and delivered to him by the Central City Deposit Bank on March 6, 1914, by which said bank certified that he had deposited therein the sum of $4,000.00, payable to his order twelve months after date, with interest at the rate of four per cent. per annum, and further provided that said money was not subject to check, but would be paid only on presentation of said certificate properly endorsed, and that interest thereon should cease on March 6, 1915; that the bank in question was, on the ——— day of February, 1915, placed in the hands of the banking commissioner, who, since that time, has been engaged in winding up its affairs; that at the time said certificate was delivered to plaintiff, and at the time its affairs were placed under the control of the banking commissioner, said bank was wholly in-

solvent, and that the certificate was then, and is now, worthless; that payment of the $4,160.00 had been demanded of plaintiff, but that he had failed and refused to pay same. Defendant filed an answer in two paragraphs. In the first paragraph he denied the allegations of the petition. In the second paragraph he pleaded, in substance, that both the $2,000.00 and $4,000.00 certificates were paid to plaintiff and accepted by him as a cash payment on the land. Defendant further pleaded that plaintiff collected the $2,000.00 certificate and could have collected the $4,000.00 certificate at any time he desired to do so; that plaintiff was notified that the bank would pay said certificate on the first day of October, 1914, and that the bank would have paid same had it been presented, properly endorsed for payment by the plaintiff; but that plaintiff did not then, or at any time, present the certificate to said bank for payment. Defendant further denied that he had knowledge or information sufficient to form a belief that at the time said certificate was delivered to plaintiff the bank was wholly insolvent, or insolvent at all, or that it had remained so since August 20, 1914, or that said certificate was then worthless or had remained so ever since.

The first point made by appellant is that the petition contradicted the deed, and that parol evidence was inadmissible to impeach the recited consideration. This contention is without merit. Under our statutes and the repeated decisions of this court, the consideration of any writing may be impeached or denied by verified pleading, and the recited consideration of a conveyance may be shown to be otherwise by parol evidence, without an allegation of fraud or mistake. Kentucky Statutes, section 470, sub-section 7, and section 472; Stamper v. Corbett, et al., 121 S. W. 623; Turner v. Newberry, 166 Ky. 196, 179 S. W. 23.

The trial court did not err in placing the burden of proof on plaintiff. The recital in the deed that the entire consideration had been paid made out a *prima facie* case in favor of defendant. Hence, it devolved upon plaintiff to show that this recital was not true.

Briefly stated, the evidence on which the case went to the jury was as follows: Plaintiff says that when they were about to execute the deed, Menser said he had the certificates of deposit. Addressing Menser, he said: "Mr. Menser, I don't know anything in the world about your banks over there, but if you will stand responsible to me, you and that farm look good to me. If you will

stand responsible to me for the certificates, I will take them and wait on you until they are paid." He further said: "I am not releasing you and the land and I am looking to you for the payment." Menser then delivered the certificates. After the failure of the bank Menser said it looked like he was standing to lose $1,800.00, or $2,000.00. Ike Sutherland, deputy county court clerk, testified that he wrote the deed, and he heard Lea say to Menser: "Of course you will stand behind these certificates." Menser said: "Yes, sir, I will." Newsom, who conducted the trade, testified that he heard Lea state, "I know nothing about the banks over there; I suppose they are all right; I am looking to you for this money." Menser replied, "I think so or I would not have put my money in there." He further heard Menser say that if Lea did not want the certificates he (Menser) could get the money by losing something. Weir Griffith, a member of the Griffith Realty Company, also testified that he heard Mr. Menser say that he did not want to lose the accrued interest on the time deposits. Mr. Lea told Menser that he knew nothing of the bank, "but would take the time deposits on the fact that Mr. Menser gave them, and he knew the land and what Mr. Menser paid him would make him safe."

Menser testified that he told Lea that if he wanted the certificates as a cash payment on the place he could have them; if not, he (Menser) would get the cash for him. Lea replied that he supposed they were all right and would take them that way. Thereupon Lea accepted the certificates as cash. Several witnesses for the defendant also say that they met Lea shortly after the trade, and he stated, in substance, that he had accepted the certificates in preference to cash. It further appears that defendant gave plaintiff a check for $1,600.00, containing the following words: "For full payment of land."

It will be seen from the foregoing evidence for plaintiff that he did not accept the certificates as cash, but took them with the understanding that he was looking to defendant and the land for the money, and that defendant would stand good for the amount of money represented by the certificates; and, since the petition alleges, in substance, that it was agreed that defendant should have until March 6, 1915, to pay the balance of $4,160.00, and that the certificate of deposit was delivered to plaintiff to secure the payment thereof, we conclude there is no material variance between the petition

and proof. Nor can we say that the finding of the jury is flagrantly against the evidence.

But it is further insisted that, even if the certificate of deposit was accepted by plaintiff as collateral security, defendant was released from all liability by reason of plaintiff's failure to use reasonable diligence to collect the collateral. The rule is that the holder of collateral to secure another debt must exercise ordinary diligence to collect the collateral, and if he fails to do so, he will be responsible to his assignor for the damage sustained by reason of his default. Nolan v. Clark, 10 B. Mon. 241; Banta v. Curry, 3 Bush 678; Hays and Watkins v. Wheatley & Co., 7 R. 663; Hamilton's Ex'r v. Hamilton, &c., 27 R. 298. In this case, however, there was no plea that defendant had been damaged by reason of plaintiff's failure to use ordinary diligence to collect the collateral. Hence the court did not err in refusing to submit this issue to the jury.

The trial court instructed the jury as follows:

"1. Gentlemen of the jury, if you believe from the evidence you have heard in this case that in the sale by the plaintiff of his farm to the defendant in 1914, it was agreed by the plaintiff and the defendant that the defendant might have until March 6, 1915, in which to pay of the purchase price, the sum of $4,160.00, the same amount of the certificate referred to in the pleadings and evidence on that date, and the defendant agreed to pay said sum to the plaintiff unless said certificate was paid to the plaintiff by the Central City Deposit Bank, the bank that had issued it, then in that event the jury should find for the plaintiff the sum of $4,160.00 with interest at the rate of six per cent. per annum from March 6, 1915.

"2. If you shall believe from the evidence that you have heard in this case that in the sale of his farm by the plaintiff to the defendant in 1914 that the defendant delivered to the plaintiff and transferred to him a certificate of deposit on the Central City Deposit Bank, which matured on March 6, 1915, and the plaintiff accepted as a part payment on the purchase price of said farm said certificate as cash, then in that event you should find for the defendant and so state in your verdict.

"3. If the jury believe from the evidence that the plaintiff accepted the $4,000.00 certificate filed with the petition in this case as a cash payment on the land which the defendant bought of the plaintiff, the jury should find

for the defendant, although they may believe from the evidence that the bank which issued said certificate was insolvent at the date of its maturity and insolvent at the date of the conveyance by the plaintiff to defendant.''

It is suggested that there was no evidence to sustain that part of instruction No. 1, providing ''and the defendant agreed to pay said sum to the plaintiff unless said certificate was paid to the plaintiff by the Central City Deposit Bank.'' Since, under plaintiff's evidence, defendant agreed to stand responsible for the certificate, this was in effect an agreement to pay the certificate if the Central City Deposit Bank failed to pay it. Hence it cannot be said that the quoted part of instruction No. 1 was not·authorized by the evidence. Since the real issue in the case was whether plaintiff accepted the certificate of deposit as cash, or merely as collateral security for the balance of the purchase price, it is clear, we think, that the instructions fairly presented the issue to the jury.

Judgment affirmed.