## Robinson's Administrator, et al. v. Alexander, et al.

(Decided April 18, 1922.)

## Appeal from Breckinridge Circuit Court.

Deeds—Consideration—Parol Evidence.—The actual consideration for a deed may be shown by parol evidence even though the instrument itself recites no consideration or a different consideration; and this even without a plea of fraud or mistake. Therefore, when one of the parties to a deed of partition simultaneously with its execution executed to another of the parties an obligation for money representing the agreed difference in the value of the interests set apart to them, it matters not that the deed of partition said nothing about such additional consideration.

CLAUDE MERCER for appellants.

ERNEST WOODWARD and MOORMAN & WALLS for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Some years prior to 1900 George M. Pile and his wife, Missouri Pile, were the joint owners of certain tracts of land in Breckinridge county, Missouri Pile owning a three-fourths undivided interest therein and George M. Pile a one-fourth undivided interest. George M. Pile, as we gather from a deed thereafter made by him in 1907, also owned the full title to certain other tracts of land.

Missouri Pile, the wife, died and her heirs inherited from her the three-fourths undivided interest the title to which was in her, and thereafter they and George M. Pile were the joint owners thereof as Pile and his wife had previously been, and in the same proportion.

Prior to April, 1901, George M. Pile married a second time, and in that month he executed a will which was probated after his death in 1908. In that instrument, after providing for his second wife according to the terms of a marriage contract made between them, he devised to his daughter, Lora Alexander, certain specified tracts of land; to his daughter Lee Alexander certain other specified tracts of land, and to his two grandsons, Irvie and Carlie Alexander, certain other tracts of land. It appears that the several tracts of land therein devised to the two daughters Lora and Lee were the lands in which their mother Missouri Pile had a three-fourths undivided interest, which they and her other heirs-at-law had inherited from her, although there is no reference in the will to this fact, and the testator apparently undertakes to dispose of this property as if he were the owner of the full title therein.

At the time this will was executed one of his daughters was a widow with two infant children and there is no reference in the will to any supposed difference in value between the lands devised to the two daughters; but, thereafter and before November, 1907, this widowed daughter remarried and there was considerable discussion in the family circles to the effect that the widowed daughter had been given in the will, with which the parties were all familiar, the best of the division and that after her remarriage there was no longer any reason for this, which up to that time had been acquiesced in because of her widowhood. This discussion eventuated in a sort of family settlement in November, 1907, during the lifetime of George M. Pile and at which he was present, and that settlement was brought about in this way:

George M. Pile on the 18th of November, 1907, executed to his two daughters and his two grandsons a deed whereby he and his then wife conveyed to each of them the same tracts of land which he had previously, in his will of 1900, devised to them, specifically conveying to the two daughters his one-fourth undivided interest in the several tracts of land devised to them in his will and conveying to his two grandsons the same tracts of land devised to them in his will; and in this deed there was no reference to any supposed difference in values between the interests conveyed to his two daughters.

This conveyance by the father placed the full title in the two sisters and two grandsons to the tracts of land theretofore owned jointly by them with him, and then on the 20th day of November, 1907, the two daughters and the two grandsons joined in a deed of partition as between themselves to the several tracts of land, thereby conveying to each other the same tracts of land devised to each in the will of the father dated in 1900, and in the deed of the father and his wife dated on the 18th of November, 1907; and while in this partition deed there is no reference to the difference in the value between the several tracts of land conveyed therein to the two sisters, simultaneously with the execution thereof one sister, then Mrs. Robinson, who had been a widow at the date of her father's will in 1900, but who had since remarried, executed to her sister Lora Alexander a writing by which she promised thereafter to pay to her one thousand dollars, the agreed excess in the value of the lands set apart to her in the partition over those set apart to Lora Alexander.

The two grandsons, Irvie Alexander and Carlie Alexander, were the children of a deceased daughter of George M. Pile, who was the first wife of Huston Alexander, and after the death of his first wife he married another daughter of Pile, being the daughter Lora.

Thereafter there was paid on the one thousand dollar obligation executed by Mrs. Robinson and her husband to Mrs. Lora Alexander seven hundred dollars, but the remaining three hundred dollars were still unpaid in October, 1917, when the parties met at the county seat for the purpose of having a full settlement of the estate of George M. Pile, at which time Mrs. Robinson and her husband declined to pay anything further on the obligation, and thereafter Mrs. Robinson having died, this suit was instituted by her personal representative and the

guardian of her infant children, and in which the surviving husband joined, for the purpose of obtaining a full settlement of the estate of George M. Pile and to recover the seven hundred dollars paid on the obligation theretofore executed by Mrs. Robinson.

This appeal involves only the latter transaction, there being no complaint of the settlement of the estate. The answer was made a counterclaim and sought a recovery of the unpaid portion of the one thousand dollar obligation, and the court upon a submission dismissed the action seeking to recover the seven hundred dollars paid thereon, and on the counterclaim entered a judgment for Mrs. Alexander for the unpaid portion due thereon, and from that judgment this appeal is prosecuted.

The evidence shows, in fact it is admitted, that the obligation was executed by Mrs. Robinson and her husband; that there was at least a difference of one thousand dollars in value of the lands conveyed in the deed of partition of Mrs. Alexander and those conveyed to Mrs Robinson; that the father, George M. Pile, was present at the time the deed was made and the agreement executed and that he himself had caused the papers to be prepared and fully acquiesced in the adjustment as between the two daughters.

The fact that there was no reference either in the will of George M. Pile or in the conveyance which he made to his children and grandchildren to any difference in the value of the lands set apart to the two daughters will not be permitted to defeat the purpose of all these parties in making that family settlement and adjusting the conflicting claims between them. At the time the deed of partition was made Mrs. Alexander, Mrs. Robinson and the two Alexander children by the first wife of Huston Alexander were the owners each of interests in certain tracts of land a part of which they had inherited from Missouri Pile and a part of which had been conveyed to them by George M. Pile, and no reason is apparent why they should not have, as between themselves when they came to partition that land, agreed upon the difference in value between the parts set apart to the different owners. Their agreement in substance was that one sister was receiving in the partition property in value one thousand dollars less than that being received by the other—that is, that Mrs. Alexander was in the partition conveying to her sister, Mrs. Robinson, land worth one thousand dollars more than the land which Mrs. Robinson was in the same

partition conveying to her, and therefore in recognition of this fact, Mrs. Robinson simultaneously executed to Mrs. Alexander her obligation for one thousand dollars. There was a valuable consideration and the evidence convincingly shows that there was at least that much difference in value between the lands set-apart to them in the partition.

The grounds upon which appellant seeks to cancel this one thousand dollar obligation and recover the seven hundred dollars already paid thereon is that neither Mrs. Robinson nor her husband ever knew until the parties met in October, 1917, to settle up the estate of George M. Pile that George M. Pile had not changed his will and provided that the one thousand dollars should be so paid by Mrs. Robinson. Their claim is that it had been represented to them by the husband of Mrs. Alexander, who was the administrator of George M. Pile, and by others that George M. Pile had so changed his will, and that they in reliance upon such representations had executed the one thousand dollar obligation, but that in October, 1917, for the first time they read the will of George M. Pile and found out that it had not been so changed.

The will, of course, had not been changed, but between the date of the will and the death of George M. Pile and in November, 1907, he had executed the deed to his children and grandchildren, and the effect of the execution of that deed was to that extent to nullify his will or place it out of his power to dispose of by will the land which he. thereby conveyed; and the effect of that conveyance was to place the full title to these lands in his two daughters and his two grandchildren for a partition as among themselves, and they, evidently understanding the purpose of their father's conveyance, immediately thereafter, and as it appears, as a part of a family settlement, executed their deed of partition as among themselves and as a part of that transaction the one thousand dollar obligation was executed.

After the full title to the several pieces of property was placed in the two daughters and the two grandchildren and they, as between themselves, entered into a conveyance of partition, it matters not what was in the will of George M. Pile or whether there was any provision in it or in his deed requiring one to pay to the other any sum of money. The parties were then the sole owners of the property and they had a right to partition it out among

themselves upon such terms as they might see proper, and the evidence shows that they agreed upon the difference in the valuation and executed the obligation to cover that difference.

While the deed of partition says nothing about the execution of the one thousand dollar obligation, it has long been the rule in this state that the actual consideration for a deed may be shown by parol evidence even though the instrument itself recites a different consideration, without even a plea of fraud or mistake. Menser v. Lea, 176 Ky. 391; Kentucky Statutes, sections 470-472; Stamper v. Cornett, 121 S. W. 623; Turner v. Newberry, 166 Ky. 196.

The chancellor sustained exceptions to the evidence of Huston Alexander and wife as to certain statements of and transactions with Mrs. Robinson, deceased, although their evidence had been taken as if on cross-examination by the plaintiffs. But whether that action was proper is immaterial, because it was properly held there was plenty of competent evidence of the whole transaction when the evidence of Mr. and Mrs. Alexander was eliminated.

Judgment affirmed.

Judge Moorman not sitting.