### GRAY et al. v. HAFALE.    (No. 1709.)

(Court of Civil Appeals of Texas.  El Paso.  May 14, 1925.)

**1. Pledges ⬡⟾30(5) — Pledgees by negligent failure to collect notes as they matured became liable to pledgor for amount thereof.**

Where notes were pledged as collateral security for defendant's notes, if, by negligent failure of pledgees to collect them when they matured, notes became uncollectable, then pledgees were liable to pledgor for amount thereof.

**2. Appeal and error ⬡⟾1062(2)—Pledges ⬡⟾30(5)—Refusal to submit issue as to whether pledgees were negligent in collecting notes held reversible error.**

Where defendant alleged that, as security for notes sued on, he delivered plaintiffs collateral notes, and that they negligently failed and refused to collect them, whether plaintiffs were negligent in collecting the notes was fact issue, and refusal to submit it to jury was reversible error.

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Action by C. F. Gray and another against E. G. Hafale. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Grisham Bros., of Eastland, for appellants.

J. L. Alford, of Rising Star, and J. Lee Cearley, of Cisco, for appellee.

HIGGINS, J.  C. F. Gray and J. E. Spencer, appellants, sued Hafale upon two notes for $200 each, dated February 16, 1923, due, respectively, on May 16 and June 16, 1923, executed by Hafale to the order of the plaintiffs.

The defendant's answer is lengthy, but, in substance, is to effect that, as collateral security for the notes sued upon, he delivered to plaintiffs two notes for $200 each executed by J. T. Burrows, payable to defendant, due, respectively, on the 16th days of May and June, 1923, and secured by chattel mortgage on personal property of greater value than the notes; that plaintiff negligently failed and refused to collect the Burrows notes at maturity, and permitted Burrows to dissipate

---

the mortgaged property; that Burrows was solvent at the maturity of the notes, and the notes could have been collected, but Burrows was now insolvent, and his notes had become uncollectable—wherefore the defendant had been damaged in the sum of $500, which was pleaded in set-off against the plaintiff's demand.

The plaintiffs, by supplemental petition, denied generally the allegations of the answer, and alleged that the Burrows notes were at all times worthless, and the maker notoriously insolvent; that the defendant did request the plaintiffs to sue upon the notes when they matured, whereupon plaintiffs advised defendant they were not collectable, and offered to return them to defendant and permit him to collect them, but defendant refused to do so, and insisted upon plaintiffs' collecting same or giving him credit for the amount thereof.

The issues submitted and answers returned are as follows:

"Question No. 1: Were the securities or collateral given by the defendant to the plaintiff herein of any value at the time they were delivered to the plaintiff, and, if so, state such value in dollars and cents. Answer: $600.

"Question No. 2: Were said securities or collateral, as delivered to the plaintiff, of any value at the time demand was made by defendant upon the plaintiff, to collect said collateral notes, if in fact such demand was made, and, if so, then state in dollars and cents the value of same. Answer: $600.

"Question No. 3: Were said collateral or security of any value on August 1, 1923, and, if so, how much? Answer: $100.

"Question No. 4: Was the money, as garnisheed, in the Continental State Bank of Rising Star, the money of E. G. Hafale or Mrs. E. G. Hafale? Answer: Mrs. E. G. Hafale."

Judgment was thereupon rendered in favor of the defendant.

The pertinency of the fourth issue submitted by the court is not disclosed by the record.

[1] If, by the negligent failure of the plaintiffs to collect the Burrows notes when they matured, the same became uncollectable, then the plaintiffs became liable to defendant for the amount of the notes. Douglas v. Mundine, 57 Tex. 344; C. H. Larkin Co. v. Dawson, 37 Tex. Civ. App. 345, 83 S. W. 882; Norvell-Shapleigh Hwd. Co. v. Lumpkin (Tex. Civ. App.) 150 S. W. 1194.

[2] Whether the plaintiff was negligent in collecting the notes is an issue of fact. This issue was not submitted to the jury, though duly requested by appellants. Error is assigned to the refusal of the court to submit the same. Such refusal necessitates reversal.

The second proposition relates to an issue not raised by the pleadings, and calls for no ruling.

The statement of facts and transcript are meager. In the condition of the record, the error noted is the only matter presenting ground for reversal.

Reversed and remanded.