## HUGHES v. MARTIN.

### No. 5264.

Court of Civil Appeals of Texas. Amarillo.

April 14, 1941.

M. F. Billingsley, of Munday, and J. E. Brown, of Brady, for appellant.

Bradley & Wilson, of Lubbock, for appellee.

STOKES, Justice.

This suit was instituted by appellant in the justice court of precinct No. 3, Dickens County, on November 2, 1938, in which he sought to recover the balance due on a promissory note in the original sum of $112, executed by appellee to the City National Bank of Spur. The note was dated April 26, 1930, and matured October 15, 1930. The bank went into a process of liquidation and while in the hands of a receiver, by agreement between the receiver and appellee, the date of maturity of the note was extended to November 15, 1934, and afterwards, by endorsement of the receiver, it was assigned to appellant. From an adverse judgment in the justice court, appellant prosecuted an appeal to the county court. After the case reached the county court appellee filed a written answer in which he alleged that the note sued on constituted the balance of $112 of an original indebtedness of $500 which he owed the bank in 1922 or 1923. He alleged

that at the time he borrowed the money and executed the first note representing his original indebtedness, he delivered to the bank as a pledge, to be held by the bank as collateral security for his indebtedness, a vendor's lien note in the sum of $150, executed by C. E. Hurt, payable to Mrs M. J. Rozell, and duly assigned to him, which was secured by a vendor's lien on Block No. 31 of the town of Eden, in Concho County, which property he alleged was of the value of $750 and encumbered by no other liens or indebtedness except the pledged note. He alleged that his indebtedness to the bank had been reduced and the balance renewed on a number of occasions and that, when the note sued on was executed by him, the president of the bank assured him that the bank still held the collateral note; that it was good and that, when collected, the proceeds would be applied to the note in suit. He alleged that, by the exercise of ordinary diligence, the bank could have collected the collateral note; that the collateral note was of an amount greater than his indebtedness; that the bank had neither collected the collateral note nor exercised reasonable diligence either to collect it or procure its renewal or extension, but had negligently permitted it to become barred by the statute of limitation so that it had become a total loss to him and he sought to offset the damages which he had suffered by the alleged negligence of the bank against the note sued on by appellant.

The case was submitted to a jury upon special issues, in answer to which the jury found that the City National Bank of Spur had failed to exercise ordinary care and diligence to collect the pledged vendor's lien note of $150 or to have the same renewed or extended, and that by such failure the value of such note was lost to appellee. Based upon the verdict of the jury the court entered judgment in favor of appellee and, appellant's motion for a new trial being overruled, he duly excepted, gave notice of appeal, and presents the case in this court upon a number of assignments of error.

We do not deem it necessary to discuss the assignments of error in detail. The principal contention made by appellant is that the court erred in overruling his motion for a peremptory instruction because there was no evidence before the jury of sufficient probative force to warrant any other charge or the submission of any special issues to the jury. In support of this contention he asserts, first, there was no proof that the collateral note could have been collected; secondly, there was no evidence to the effect that it had any value, and, thirdly, that, according to the evidence, the collateral note was barred by the statute of limitations when it was pledged to the bank.

We cannot agree with appellant on any of these contentions. The record shows that the pledged note was one of a series of three notes executed by C. E. Hurt to Mrs. Rozell as part of the consideration for the property at Eden above mentioned. The consideration for the property, as shown by the deed of Mrs. Rozell conveying the property to C. E. Hurt, was $400 cash, two notes of $100 each, and the pledged note of $150, all of which were secured by a vendor's lien on the property. The first and second notes of $100 each had been paid and the property was encumbered by no other liens. Appellee testified that the property consisted of a house and premises of the value of $750 at the time he pledged the note to the bank. He said that, when he executed the note in suit, the president of the bank told him that the bank still held the collateral note; that it was good, and that he would collect the note and apply the proceeds to appellee's indebtedness to the bank. While there is some evidence to the effect that appellee himself made an effort to collect the note, yet it remained in the possession of the bank during the several years in which appellee's indebtedness existed and was being reduced and renewed by him. He testified that he had never received any credit for the pledged note and that its value was of an amount greater than the amount due on the note sued on. He said that he had never seen the note but once since he delivered it to the bank. The note was not accounted for and, as far as the record shows, it had never been renewed but was barred by limitations under the provisions of Art. 5520, R.C.S.1925, Vernon's Ann.Civ.St. art. 5520.

■ As we have said, the testimony was undisputed and from the foregoing résumé it will be seen that there was ample evidence that the note could have been collected if proper diligence had been exercised by the bank to collect it. The same may be said as to the contention of appellant that there was no proof that the note had any value after it was pledged

to the bank. We must conclude, therefore, that there is no merit in the first and second contentions made by appellant.

 As to the third contention presented by the brief, that is, that the record shows the note was barred by limitations when it was pledged to the bank, the undisputed evidence reveals that the vendor's lien note was pledged to the bank in 1922 or 1923. It was executed by the maker on the 28th of January, 1920, and matured January 1, 1923. Thus it will be seen that it had at least three years to run before it would become barred by the statute of limitations. Appellant seems to base this contention upon the assumption that the pledge was made at the time the note sued upon was executed, but the undisputed facts show that the pledge was made when the indebtedness of appellee to the bank arose in 1922 or 1923 and that the bank had continuously held it as collateral to appellee's indebtedness. It was not shown that the note had ever been renewed or extended or that any serious effort had been made to collect it. It was never delivered back to appellee and it is not shown by the testimony that appellee knew, before it was barred by limitations, that the bank had not procured its renewal or extension. There was, therefore, ample evidence to support the verdict of the jury to the effect that the bank had failed to exercise ordinary care and diligence to collect the pledged vendor's lien note or to have it renewed, and that such failure had resulted in its loss to appellee. The law has been established in this state, as well as in other jurisdictions, by a long line of decisions, that the holder of collateral securities who negligently suffers them to be lost to the owner is responsible to him for such damages as he may suffer by such loss. Furthermore, it is well settled that such loss is chargeable against the holder of such collateral securities in a plea of set-off to the principal debt. Marberry v. Farmers' & Mechanics' Nat. Bank, 6 Tex.Civ.App. 607, 26 S.W. 215; Moore v. Krenek, Tex.Civ.App., 288 S.W. 580; Gray v. Hafale, Tex.Civ.App., 273 S.W. 647; Liner v. Watkins Land Mtg. Co., 29 Tex.Civ.App. 187, 68 S.W. 311; Rock Island Plow Co. v. Cut Bank Imp. Co., 101 Mont. 117, 53 P.2d 116; Menser v. Lea, 176 Ky. 391, 195 S.W. 813; City Bank v. Ricker, 262 Pa. 28, 104 A. 804; Crume v. Brightwell, 69 Ind.App. 404, 122 N.E. 230.

Appellant does not claim to be a holder in due course of the note sued upon. On the other hand the record indicates, and appellant seems to acquiesce in the statement of appellee, that he procured the note from the receiver of the bank after its maturity. Appellant not being a holder in due course, it is elementary that, while in his hands, the note sued upon was subject to all of the defenses which would have been available to appellee if it had remained the property of the bank or its receiver and the suit had been instituted by either of them.

We have carefully considered all of the contentions made by appellant and, in our opinion, no reversible error is shown. The judgment of the court below will, therefore, be affirmed.